STATE, Respondent, *v.* NIELSEN, Appellant.

(No. 4,431.)

(Submitted January 12, 1920. Decided January 30, 1920.)

[187 Pac. 639.]

*Intoxicating Liquors—Enforcement Act—Issues—Trial—Prima Facie Case—Burden of Proof—Evidence—Sufficiency.*

Intoxicating Liquors—Enforcement Act—Issues—Trial.
  1. The question primarily involved in a proceeding under the Prohibitory Enforcement Act, Chap. 143, Laws 1917, is whether or not the liquors seized as contraband were kept or possessed by any person with the intention of violating the prohibition laws of the state, the question of their ownership being merely incidental.

Same—Searches and Seizures—*Prima Facie* Case—Burden of Proof.
  2. In proceedings of the nature of the above, the affidavit upon which the search-warrant is issued and the possession of the liquors at the

time of their seizure are *prima facie* evidence of their contraband character, the burden then resting upon the claimant to show his property right and interest therein and that they were not used, kept or possessed with the intention of violating the prohibition laws.

Trial—*Prima Facie* Case—Contradictory Testimony—Effect.

3.   Where a *prima facie* case has been made, contradictory testimony does not necessarily overcome it, but may amount to a mere conflict in the evidence, the ultimate facts to be determined by court or jury.

Intoxicating Liquors—Destruction—Evidence—Sufficiency.

4.   The purchase of liquor costing $980 by one living in a single room at a hotel, the liquor being in pint bottles and stored in a closet packed in gunny-sacks, filling the closet almost to the ceiling, with scarcely room for wearing apparel, with other facts and circumstances, *held* sufficient to justify the court in disregarding the claimant's testimony and ordering the liquor destroyed.

*Appeal from District Court of Silver Bow County; John V. Dwyer, Judge.*

PROCEEDINGS by the State, under the Prohibition Enforcement Act, against George Nielsen and certain intoxicating liquors. From the judgment ordering the seized liquors destroyed, and from an order denying her a new trial, Edith Nielsen appeals. Judgment affirmed and appeal from order dismissed.

*Mr. William Meyer,* for Appellant, submitted a brief and argued the cause orally.

It was contended in the trial court that the possession by the claimant of so much whisky as was here involved should be considered as evidence that it was being held for an illegal purpose. No such presumption attaches under our law. A person is entitled to have in their possession as much liquor as they can afford or feel they could afford to purchase, provided, the same was purchased prior to the thirty-first day of December. 1918. This being true, does the possession of a large quantity of liquor irrespective of the prohibition laws of this state carry with it any presumption that it is intended to be used to violate said laws? Under the authorities, we submit no such presumption attaches. (*Johnson* v. *State,* 6 Okl. Cr. 490, 119 Pac. 1019;

*McComb City* v. *Hill,* 100 Miss. 193, 39 L. R. A. (n. s.) 534, 56 South. 346; *Noble* v. *People* (Colo.), 177 Pac. 970.)

*Mr. S. C. Ford,* Attorney General, *Mr. Frank Woody,* Assistant Attorney General, *Mr. Jos. R. Jackson, Mr. N. A. Rotering, Mr. F. L. Riley* and *Mr. A. C. McDaniel,* for Respondent, submitted a brief; *Mr. Rotering* and *Mr. Riley* argued the cause orally.

It is claimed in the brief of appellant that the state wholly failed to show any knowledge on the part of the claimant that she knew any whisky was being sold from her room. Under section 8 of the Prohibitory Enforcement Act, it is the respondent's theory that knowledge of an owner or other person is not necessary, and that the burden in every case is upon the claimant to show that it was not kept for an unlawful purpose. (*Osborne* v. *State,* 77 Ark. 439, 92 S. W. 406; *State* v. *Intoxicating Liquors,* 109 Iowa, 145, 80 N. W. 230; *Commonwealth* v. *Certain Intoxicating Liquors,* 107 Mass. 396; *Farley* v. *Liquors etc.,* 80 Misc. Rep. 32, 141 N. Y. Supp. 696.)

Many courts hold that keeping of large quantities of liquor by any person presumptively is a keeping for sale. (*Combs* v. *Commonwealth,* 162 Ky. 86, 172 S. W. 101; *Campbell* v. *State* (Ala. App.), 78 South. 715; *State* v. *Intoxicating Liquors,* 106 Me. 135, 76 Atl. 268; *State* v. *Jarvis* (Iowa), 165 N. W. 61; *State* v. *Marquardt* (Iowa), 169 N. W. 338.)

In cases of forfeiture of liquor a preponderance of the evidence is sufficient to sustain the judgment. (*Kirkland* v. *State,* 72 Ark. 171, 105 Am. St. Rep. 25, 2 Ann. Cas. 242, 65 L. R. A. 76, 78 S. W. 770.) The question whether the evidence is sufficient or not is for the court, and the question whether a *prima facie* case was made or was overcome is for the court to decide in rendering its decision. (*Stokes* v. *State,* 5 Ala. App. 159, 59 South. 310.)

A sale of intoxicating liquors is not necessary to be shown in order to destroy the liquors seized. It is only necessary that it appear that the liquors were kept or possessed with the in-

tent to violate the law. Whenever this intention appears, no matter whether there has been an actual sale or not, the liquors are subject to seizure. (*State* v. *Mead's Liquors,* 46 Conn. 22; *State* v. *Learned,* 47 N. E. 426.)

MR. JUSTICE HURLY delivered the opinion of the court.

Proceedings were instituted in the district court of Silver Bow county under the provisions of Chapter 143, Laws of 1917, by the filing of an affidavit alleging that one John Doe Nielsen, the occupant of room 421, Hotel Leggat, in the city of Butte, "did at, and does now, on and in said premises sell, exchange, give away, barter, furnish and otherwise dispose of intoxicating liquors in violation of the laws of the state of Montana and did then and there and does now therein and thereon, keep, possess and deposit intoxicating liquors with intent to sell, exchange, give away, barter, furnish and otherwise dispose of said liquors in violation of the laws of this state," *etc.* Upon this affidavit a search-warrant was issued by one of the judges of said court to which return was made reciting that certain intoxicating liquors were found in said premises, consisting of twenty-four packages, each said to contain twenty-four pint bottles of whisky, in the possession of one George Nielsen. Thereafter Edith Nielsen, wife of said George Nielsen, made claim for said liquors, alleging that she was the sole owner thereof and that the same had been acquired by purchase prior to the thirty-first day of December, 1918, and that none thereof was used or intended to be used contrary to the provisions of our statute with relation to intoxicating liquors. After trial, judgment was entered ordering the liquors destroyed. From the judgment and order denying a new trial, appeal was taken.

Upon the trial, in behalf of the state, the search-warrant and the return thereto were admitted in evidence, and Ed Morrissey, a detective for the city of Butte, testified that he searched the premises in question, finding the whisky therein, and that on the night of the seizure Mr. Nielsen illegally sold liquors other than those seized. Testimony was offered in behalf of

the claimant that on December 30, 1918, Mrs. Nielsen purchased twenty-eight packages or cases of whisky, each containing twenty-four pints, giving as payment therefor a certificate of deposit issued to her by the First National Bank of Butte. Mrs. Nielsen further testified that three cases of this liquor had been stolen while she was residing at the Tait Hotel before removing to the Leggat Hotel, and that she had used one case thereof between the date of purchase and the date of seizure, the 19th of March.

The liquor when seized was in a closet in the room occupied by the Nielsens, in the Leggat Hotel, was sewed in gunny-sacks, each sack containing twenty-four pint bottles, and defendants testified that no one had the key to such closet except the Nielsens, and both husband and wife denied that any sale of this whisky had been made. It further appears that on the night of the seizure George Nielsen was apprehended making an illegal sale of twenty-four pints of whisky, though the whisky sold was of a different brand than that seized under the search-warrant. Nielsen testified that one Wise delivered to him in a gunny-sack similar to those in the closet the whisky which he sold; that after its delivery to him by Wise he took it to his room in the Leggat Hotel and there placed it in a suitcase, afterward taking it from the room and making delivery to one Heimie, the purchaser thereof, in the alley back of the hotel; that he had never sold any other whisky, and that in handling the sale in question he was merely acting for the accommodation of Wise. In rebuttal, the state, in addition to proving the sale to Heimie, offered testimony to the effect that when the officers arrived at the hotel and asked Nielsen the number of his room, Nielsen told them that the room was numbered two hundred and something instead of giving the correct number. There is, however, some conflict on this question, one of the officers testifying that Nielsen did give the correct number; also that, with Mrs. Nielsen present, Nielsen said: "You are not going to take my whisky." At the time of seizure the sack, in which had been contained the whisky sold to Heimie, was

lying on the floor in the room. It appears also that Mrs. Niel-
sen made no claim to the whisky to any of the officers at the
time of the seizure. There is also testimony to the effect that
Nielsen had reported to the officers the theft of four cases of
whisky instead of three, as claimed by Mrs. Nielsen.

Appellant contends that by the introduction of evidence in
her behalf as above stated she overcame the *prima facie* case
and established conclusively her lawful ownership of the whisky,
and her lack of knowledge of or participation in sales made
by her husband.

The statute in question provides for proceedings *in rem,* in
[1] which the question of ownership is merely incidental.
The question involved is primarily whether or not the liquors,
*etc.,* were kept or possessed by any person with the intention
of violating the prohibition laws of this state. (*State* v. *Kelly,
ante,* p. 123, 186 Pac. 637.) The statute provides that the affi-
[2] davit upon which the search-warrant is issued, and the
possession of the liquors, shall be *prima facie* evidence of the
contraband character of the liquors, *etc.,* seized, and the bur-
den shall rest upon the claimant to show his property right
or interest therein and that the same were not used in vio-
lation of and were not in any manner kept or possessed with
the intention of violating our prohibition laws.

*Prima facie* evidence is that which suffices for the proof of
a particular fact, until contradicted and overcome by other evi-
dence. (Sec. 7854, Rev. Codes.)

Counsel assumes that because Mrs. Nielsen testified positively
[3] that her purpose in purchasing the liquor was entirely
legal, and that no sales thereof had been made, and that she
had no knowledge of any illegal sales of other liquors by her
husband, there being no contradiction thereof, except circum-
stantially, and by virtue of the case presumptively made under
the statute, the *prima facie* case was overcome.

As said in *Lewis* v. *Lewis,* 76 Conn. 586, 593, 57 Atl. 735:
"This involves the mistaken assumption that the direct evidence
of a witness or witnesses, if not distinctly contradicted, consti-

tutes undisputed evidence. This is far from true. There may be the best of reasons for discrediting witnesses. There may be circumstances in evidence which in the opinion of the trier ought to outweigh any amount of assertions. These matters all lie within the domain of the trial court. It is the final judge of what is to be believed and what not."

Testimony constituting a mere contradiction of the facts established presumptively by the *prima facie* case does not necessarily suffice to overthrow the same. It will be noted that section 7854 is in the conjunctive and provides that the *prima facie* case must not only be contradicted but overcome as well. When such case is made, contradictory testimony merely amounts to a conflict in the evidence, with the ultimate facts to be determined by the court or jury, as the case may be. (See Rev. Codes 1907, 8028 (2), 7861; *State* v. *Johnson,* 157 Iowa, 248, 138 N. W. 458; *Johnson* v. *Chicago etc. Ry. Co.,* 52 Mont. 73, 155 Pac. 971; *Freeman* v. *Chicago etc. Ry. Co.,* 52 Mont. 1, 154 Pac. 912; *Emerson* v. *Butte E. Ry. Co.,* 46 Mont. 454, 129 Pac. 319.)

The court, applying established rules of evidence, was not bound to believe the testimony of the claimant or her witnesses, but was at liberty to disregard it altogether if it did not consider it as credible, and in addition may have given force to the circumstances surrounding the transaction.

Certainly the purchase of liquor costing $980 by one shown [4] to have no fixed place of abode, except a room in a hotel at the time, later removing to the Leggat, and living merely in a single room therein, storing this large quantity of liquor in gunny-sacks in the closet thereof, filling the same almost to the ceiling, with scarcely room for the reception of wearing apparel, the transfer within the room of bottles from gunny-sacks to a suitcase, the admitted illegal sale of this last-mentioned liquor, the failure of the wife to assert ownership at the time of seizure, taken in connection with the fact that the liquor was in pint bottles, a form more readily adapted to convenience in disposing of the same than for its storage, with the other at-

tendant facts and circumstances, all were sufficient to justify the court in doubting the credibility of the testimony offered in behalf of claimant and in rendering judgment ordering the liquor destroyed.

The appeal from the order denying the motion for new trial is dismissed. (*State* v. *Kelly, supra*.)

The judgment appealed from is affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Associate Justices Holloway, Matthews and Cooper concur.

