STATE, RESPONDENT, *v.* JOHNSON ET AL., DEFENDANTS;
HEFFERLIN, APPELLANT.

(No. 5,354.)

(Submitted October 29, 1923.  Decided November 10, 1923.)

[220 Pac. 82.]·

*Intoxicating Liquors—Seizures—Forfeitures—Lack of Jurisdiction.*

Intoxicating Liquors—Forfeitures—Proceedings of Civil Nature.
1.  Proceedings relative to seizure and forfeiture of liquors, fixtures, *etc.,* authorized by section 11106, Revised Codes of 1921, where a violation of the prohibition law occurs in the presence of an officer, are of a civil nature, jurisdiction over which is lodged in the district court upon the filing of a properly verified complaint therein.
Same—Forfeitures—Void Judgment—Lack of Jurisdiction.
2.  Where an officer had arrested the proprietor of a soft-drink parlor for an alleged sale of intoxicating liquor to the officer and seized the fixtures found therein, he filing a complaint of a criminal nature in a justice's court which was dismissed, the subsequent filing of an unverified complaint in the district court did not vest such court with jurisdiction and its decree declaring the property forfeited was void.

*Appeal from District Court, Park County, in the Sixth Judicial District; Robert C. Stong, a Judge of the Thirteenth District, presiding.*

PROCEEDINGS by the State against Dominick Johnson and another to declare a forfeit of fixtures used in connection with the unlawful sale of intoxicating liquor, claimed in part by H. D. Hefferlin. From a judgment of forfeiture, claimant appeals. Reversed.

*Messrs. Gibson & Smith,* for Appellant, submitted a brief; *Mr. Fred L. Gibson* argued the cause orally.

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. L. V. Ketter,* Assistant Attorney General, for the State, submitted a brief; *Mr. Ketter* argued the cause orally.

[69 Mont. 38.]

MR. JUSTICE STARK delivered the opinion of the court.

On the twenty-eighth day of January, 1923, one John Galusha, claiming to be an officer authorized to serve criminal process in connection with the laws relating to intoxicating liquor, went into a room comprising a part of the Albemarle Hotel in the city of Livingston, occupied by Johnson Bros. as a place for the sale of merchandise, and purchased from Dominick Johnson, one of the proprietors, a glass of intoxicating liquor, whereupon he immediately arrested Johnson, took him before a justice of the peace in Livingston, and filed a complaint charging him with the unlawful sale of intoxicating liquor. This complaint was subsequently dismissed. At the time of making the arrest Galusha took into his possession a large quantity of personal property consisting of soft drinks, tobacco, cigarettes, chewing gum and candy, and also certain furniture and fixtures including bars, cash registers, a safe, chairs, pool-tables, etc., which were in and about the premises where the sale of liquor had been made.

On the following day, January 29, 1923, Galusha filed in the office of the clerk of the district court of Park county an unverified document in which he certified that he had arrested Johnson, made complaint against him before a justice of the peace, and had taken into his possession the personal property at the time and in the manner above mentioned. On January 30, 1923, the presiding judge of the district court of Park county signed and filed an order which read as follows:

" (Title of Court.)

"January Term, A. D. 1923.

"State of Montana, Plaintiff,

*v.*

"Dominick Johnson and Mickel J. Johnson, Defendants.

"The State of Montana to John Galusha—Greeting:

"A certificate having been filed by you on the 29th day of January, A. D. 1923, in the above-entitled action, wherein

it is certified that you seized and took into your possession certain liquors, bars, furniture, fixtures, vessels, and appurtenances unlawfully used in connection with the unlawful sale of intoxicating liquor. You are therefore hereby commanded to hold the property inventoried in your certificate in your possession until a further order is made in this case by this court.

"Witness my hand and the seal of said court, this 30th day of January, A. D. 1923."

On February 7, 1923, an order was made by the judge of the district court of Park county, which, after reciting the arrest of Dominick Johnson for willfully and unlawfully selling intoxicating liquor in the presence of said John Galusha, a "special prohibition enforcement officer," on the twenty-eighth day of January, 1923, in a part of the Albemarle Hotel in Livingston, and that on the twenty-ninth day of January, 1923, said officer had certified "that on the twenty-eighth day of January, 1923, he had searched the premises above described and had found therein and seized the following" (describing the property in controversy), fixed the sixteenth day of February, 1923, as the time for hearing said "return" and determining whether the personal property mentioned was used, kept or possessed by any person with the intention of violating any laws of the state relating to intoxicating liquors, and giving any person claiming an interest therein the opportunity to appear and show cause why said property should not be adjudged forfeited according to law.

At the time fixed for the above-named hearing, H. D. Hefferlin appeared and filed a verified claim, setting forth that he was the owner of a portion of the property which had been seized by Galusha, particularly describing the same, as well as his interest therein, and demanding the delivery of the property to him. The matter came on for hearing February 17, 1923, upon the certificate or return of John Galusha, above mentioned, and the verified claim of H. D. Hefferlin.

When the first witness was placed upon the stand, and before he had given any testimony, counsel for claimant Hefferlin objected to the introduction of any evidence in the proceeding, because "the court has not jurisdiction to hear and determine the same, for the reason that no sworn complaint has been filed herein charging the commission of any offense in the presence of the officer; that the proceeding is not instituted under the provisions relating to search-warrants, and that no search-warrant has been issued to any officer commanding him to hold the property which is claimed." This objection was overruled. Testimony was then introduced on the part of the state and the matter submitted to the court for decision. On March 10, 1923, the court made findings of fact and conclusions of law, finding No. 4 being as follows: "That the following articles, to-wit, one back bar, one bar, one double cash register, two tobacco cases, one cigar showcase, one pool-table, one card-table, one card booth, six chairs and one stove, also one bar, one back bar, one cash register and one safe, claimed by one H. D. Hefferlin, and which were seized by the said enforcement officer as described in his return, constituting bars, furniture, fixtures, and appurtenances thereunto belonging, as described in section 11106 of the Revised Codes of Montana, are of contraband character and were used by the said Mickel J. Johnson in violation of the prohibition laws and were kept and possessed by him with the intention of using them in violation of the state prohibition laws, and of which fact the said H. D. Hefferlin had knowledge, or in the exercise of ordinary diligence should have known." As a conclusion of law from finding No. 4, the court held: "That all of the articles claimed by H. D. Hefferlin as enumerated in finding No. 4 are declared forfeited to the state of Montana and shall be sold in accordance with the statute." On the sixteenth day of March, 1923, a judgment was entered in accordance with the foregoing findings and conclusions, declaring all of the property forfeited

and ordering that the same be sold according to law, from which judgment the claimant H. D. Hefferlin has appealed.

Counsel for claimant has assigned numerous specifications of error in his brief, but in the view which we take of the case it will only be necessary to consider one of them, *viz.*: That the court erred in overruling the claimant's objection to the introduction of any testimony at the hearing.

The seizure and attempted forfeiture of the property involved [1, 2] in this matter were undertaken by virtue of section 11106, Revised Codes of 1921. This section deals with forfeitures, and the proceedings therein authorized are of a civil nature. (*State* v. *Kelly*, 57 Mont. 123, 187 Pac. 637; *State* v. *Nielsen*, 57 Mont. 137, 187 Pac. 639.) The statute directs that when a violation of any of the provisions of the laws relating to intoxicating liquors shall occur in the presence of a sheriff, constable, marshal or other officer having power to serve criminal process, it shall be the duty of the officer, without a warrant, to arrest the offender and to seize the liquors, *etc.*, so unlawfully used, and to "take such offender immediately before the court or judge having jurisdiction in the premises." This means the court or judge having jurisdiction "to hear and determine the particular case presented for consideration, as well as to make such orders and to render such judgment therein as the law authorizes in the class of cases to which it belongs." (*State ex rel. Whiteside* v. *District Court*, 24 Mont. 539 (553), 63 Pac. 395.) Section 11122, Revised Codes of 1921, expressly declares that the district court alone has jurisdiction to adjudicate a forfeiture of property seized under the provision of section 11106, *supra*.

Having arrested the offender, seized the property, and taken the offender before the district court or judge thereof, the officer is next required to "make complaint under oath charging the offense so committed" and "to make return setting forth a particular description of the liquor and property seized and the place where the same was so seized."

The statute does not specify what the complaint shall contain. Bearing in mind, however, that the entire proceeding is of a civil nature; that it is an original proceeding instituted in the district court; that a criminal action cannot be instituted in the district court by the filing of a complaint therein, because Article III, section 8 of the Constitution prescribes, "All criminal actions in the district court, except those on appeal, shall be prosecuted by information, or * * * by * * * indictment, * * * " which constitutional provision is incorporated in section 11622, Revised Codes of 1921; that an information charging the commission of an offense must be presented and signed by the county attorney (sec. 11617, *Id.*), and that an indictment can be found only by a grand jury (sec. 11833, *Id.*),—it is apparent that the complaint mentioned in section 11106, *supra,* is not a complaint such as is contemplated by the statute for the institution of a criminal proceeding before a justice of the peace, and that the requirements of the statute are not satisfied by taking the offender before such an officer and filing a complaint in the justice's court charging the commission of the offense, as was done in this case.

The complaint required by section 11106, *supra,* is one alleging an offense against the laws relating to intoxicating liquors committed in the presence of the officer in connection with the property seized, made under oath, to afford information to the court or judge having jurisdiction in the premises, so as to authorize it or him to set the machinery of the court in operation and to justify the next step in the forfeiture proceeding, namely, to "issue a warrant commanding, and directing the officer to hold in his possession the property so seized, until discharged by process of law," thereby bringing the property seized within the jurisdiction of the district court so as to permit a hearing or adjudication concerning the same "in like manner as if the seizure had been made under a warrant therefor," as provided in sections 11104 and 11105, Revised Codes of 1921. The complaint thus

made performs a function in proceedings under section 11106 analogous to that of the sworn complaint mentioned in section 11104 as the basis for the issuance of a search-warrant. Such complaint likewise brings the alleged violation of the law to the attention of the district judge, who is a magistrate under section 11619, *Id.,* so that he can direct a prosecution to be instituted against the offender as provided in section 11731, *Id.*

In the absence of the complaint under oath the court or judge does not acquire jurisdiction of the subject matter of the proceeding, and any warrant issued or proceeding thereafter had upon the officer's return is unauthorized. Since the record in this case shows that no such complaint under oath was made or filed by the officer making the arrest and taking the property claimed by Hefferlin into his possession, the court was without jurisdiction, and the judgment of forfeiture entered therein was and is void.

The judgment is reversed and the cause remanded to the district court of Park county, with directions to enter a judgment in favor of the appellant.

*Reversed.*

Mr. Chief Justice Callaway and Associate Justices Cooper, Holloway and Galen concur.