PEOPLE *v.* ALVERSON.

SEARCHES AND SEIZURES—INTOXICATING LIQUORS—CRIMINAL LAW—
EVIDENCE—ADMISSIBILITY.
    Where the sheriff and his deputy went to defendant's
    farm home to serve on him a paper in a civil cause, and,
    finding no one at home, broke, entered, and searched the
    dwelling and some outbuildings, and found thereon the usual
    equipment of a moonshiner, including intoxicating liquor,
    the knowledge thus obtained could not be used in an af-
    fidavit for the issuance of a search warrant, and the pro-
    curing of a search warrant under such circumstances gave
    the search and seizure no validity, and, therefore, the evi-
    dence thus seized was not admissible in evidence in a prose-
    cution of defendant for violation of the prohibition law.

Exceptions before judgment from Montcalm; Haw-
ley (Royal A.), J.    Submitted January 17, 1924.
(Docket No. 131.)    Decided March 5, 1924.

Claude Alverson was convicted of violating the
liquor law.    Reversed, and defendant discharged.

*Charles H. Goggin* and *Martin V. Cook,* for appellant.

*Frank A. Miller,* Prosecuting Attorney, for the people.

CLARK, C. J.    On exceptions before sentence re-
versal of a conviction under the prohibition law is
sought.    The sheriff and a deputy went to defendant
Alverson's farm home to serve on him a paper in a
civil cause.    They found no one at the home.    They
had no warrant for arrest, or for search.    No cir-
cumstance to justify a search without warrant is

On admissibility against defendant of documents and articles
taken from him, see notes in 59 L. R. A. 467; 8 L. R. A. (N.
S.) 762; 34 L. R. A. (N. S.) 58; L. R. A. 1915B, 834; L. R. A.
1916E, 715.
On admissibility of evidence obtained by illegal search and
seizure, see note in 24 A. L. R. 1408.
On constitutional guaranties against unreasonable searches
and seizures, as applied to search for or seizure of intoxicat-
ing liquors, see notes in 3 A. L. R. 1514; 13 A. L. R. 1316; 27
A. L. R. 709.

claimed. They broke, entered and searched the dwelling house and entered and searched some outbuildings. The knowledge thus obtained was used by the deputy sheriff to make an affidavit under the prohibition law for a search warrant. After starting the deputy on his way for the search warrant, the sheriff remained on defendant's premises for several hours until the deputy returned with a warrant for search of the dwelling house and an outbuilding. The usual equipment of the moonshiner, including intoxicating liquor, was taken, and at the trial was received in evidence.

Of the questions properly saved for review, we consider one, that in procuring the evidence against defendant the search and seizure provision of the State Constitution was violated, and that, therefore, the evidence should have been suppressed and defendant discharged. Had the search of defendant's dwelling and the seizure and removal of the liquor, etc., been completed without a search warrant, concededly it would have been the duty of the trial court on the motion to suppress the evidence and to discharge the prisoner. But here, before the search warrant was issued, the search was complete, and in effect the property had been seized. It is apparent on the record that the sheriff remained in charge while the deputy was getting the warrant. Upon his return with the warrant, nothing remained to be done but to change the *locus* of the property from defendant's premises to the sheriff's repository. Procuring a search warrant under the circumstances gave the search and seizure no legality. Defendant's motion to suppress and for discharge ought to have been granted.

A case in point is *State* v. *Gibbons*, 118 Wash. 171 (203 Pac. 390). In *United States* v. *Boasberg*, 283 Fed. 305, a case parallel in facts, the indictments were quashed. See Underhill's Criminal Evidence (3d

Ed.), §§ 749, 750; Blakemore on Prohibition, 314; *Burdeau* v. *McDowell*, 256 U. S. 465 (41 Sup. Ct. 574, 13 A. L. R. 1159); *Silverthorne Lumber Co.* v. *United States*, 251 U. S. 385 (40 Sup. Ct. 182); 24 A. L. R. 1408.  The cases of *People* v. *Flaczinski*, 223 Mich. 650, and *People* v. *Czckay*, 218 Mich. 660, and others of like import, are not controlling.  A sufficient reason is that in the case at bar the search and seizure had taken place before the warrant was issued.

The conviction is set aside.  Defendant is discharged.

BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.  McDONALD, J., did not sit.