STATE EX REL. MERRELL, RELATOR, *v.* DISTRICT COURT
ET AL., RESPONDENTS.

(No. 5,656.)

(Submitted November 25, 1924.   Decided December 16, 1924.)

[231 Pac. 1107.]

*Intoxicating Liquors—Searches and Seizures—Writ of Prohibi-*
*tion—Suppressing Evidence—Invalid Search-warrant—Seiz-*
*ure Without Warrant, When Justifiable — Affidavits and*
*Counter-affidavits.*

Intoxicating Liquors—Search-warrant—Affidavit—Hearsay Statements
—Insufficiency.
1. An affidavit based upon hearsay statements such as that
affiant was informed by various persons that they purchased
liquor at a certain place, that liquor was manufactured and kept
for sale there and that "it is a notorious fact" in and around the
locality that liquor could be procured on the premises, was insuffi-
cient to justify the issuance of a search-warrant.

Same—Violation of Law Detected by Sense of Smell—Officer Justified
in Making Seizure, When.
2. An officer who is apprised by any of his senses that the liquor
law is being violated in his presence may, under section 11106,
Revised Codes of 1921, arrest the offender or make a seizure with-
out process; hence an officer who on approaching an apparently
unoccupied building detected a pronounced odor of fermenting
whisky mash emanating therefrom was authorized to enter and
seize contraband articles found therein, even though the search-
warrant under which he was acting was void, the offense having
been committed in his presence.

Same—Suppression of Evidence—Motion on Affidavit—Counter-affidavit
may be Used in Opposition.
3. Under the rule that where an affidavit is used by one party
a counter-affidavit may be used by his adversary, where a motion
to suppress evidence was made upon affidavit the state could prop-
erly oppose it by counter-affidavit.

Same—Seizures—Effect of Failure of Officer to Make Return.
4. That portion of section 11106, Revised Codes, prescribing the
procedure to be observed by an officer making return upon a
search-warrant is designed solely for the purpose of laying a
foundation for a civil proceeding *in rem* for the forfeiture of the
seized property, and therefore failure to make return does not
affect the criminal prosecution or the admissibility of the evi-
dence procured by the seizure.

___

1.   Affidavit or complaint upon information and belief as basis for
search-warrant, see notes in 1 **Ann. Cas.** 653; 18 **Ann. Cas.** 819.

Same—Search-warrant — Return of Officer *Prima Facie* Evidence of Contents—May be Overcome by Other Evidence.
5.   The return of an officer upon a search-warrant is *prima facie* evidence only of the facts stated therein (sec. 4779, Rev. Codes), and may, therefore, be overcome by other evidence.

Same—Seizures—Failure of Officer to Arrest not Cause for Complaint by Owner.
6.   While under section 11106, Revised Codes, it is the duty of an officer in whose presence the liquor law is being violated to arrest the offender, of his failure to do so the owner of contraband articles which were seized could not complain on motion to suppress evidence thus obtained.

Same—Suppression of Evidence — Counter-affidavit — What not Statement of Conclusion.
7.   The statement in an affidavit filed in opposition to one on which a motion to suppress evidence to be used in a prosecution for a violation of the liquor law was based, to the effect that affiant officer had detected a pronounced odor of fermenting whisky mash and moonshine fumes coming from an unoccupied building was a statement of fact and not a conclusion.

Same—Seizures—Officer may Act upon What He Believes to be True if Belief Reasonable.
8.   An officer in entering an unoccupied building for the purpose of making a seizure without a warrant may act upon what appears to be true, even though it may turn out to be false, provided he believes it to be true and the appearances are sufficient to justify the belief as reasonable.

Original application for writ of prohibition by the State on the relation of O. J. Merrell against the District Court of the Ninth Judicial District in and for the County of Gallatin and B. B. Law, Judge thereof, to suppress evidence.   Proceeding dismissed.

*Mr. George D. Pease,* for Relator, submitted a brief and argued the cause orally.

*Mr. L. A. Foot,* Attorney General, and *Mr. L. V. Ketter,* Assistant Attorney General, for Respondents, submitted a brief; *Mr. Ketter* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On July 25, 1924, E. M. Howell, a deputy sheriff of Gallatin county, made affidavit before a justice of the peace, and secured a warrant to search certain described buildings.   On the fol-

lowing day Howell, with the sheriff, entered one of the buildings and seized 170 gallons of mash, an incomplete still, and various other articles. On July 31, an information was filed in the district court charging C. J. Merrell with having in his possession on July 25 property designed for manufacturing intoxicating liquor. Thereafter the defendant entered a plea of not guilty, and the cause was set for trial; but before the day of trial the defendant moved the court to suppress as evidence the articles seized by the officers, and supported the motion by his own affidavit. In opposing the motion the state presented the counter-affidavit of Howell, to the effect that, when he and the sheriff approached the building in question, and when about twenty-five feet from it, they detected a pronounced odor of fermenting whisky mash and moonshine fumes coming from the building, sufficient to satisfy the affiant that intoxicating liquor was being manufactured in the building, and thereupon the two officers entered and seized the articles mentioned above. It is further stated in the counter-affidavit that at the time the building was unoccupied, "except that there were a few articles of household goods located therein, and that the premises had the appearance of having been used for no other purpose than for the illicit manufacture of moonshine whisky."

The hearing upon the motion resulted in an order refusing to suppress the evidence, and Merrell then applied to this court for a writ of prohibition. An alternative writ was issued, and on the return the cause was argued and submitted for determination.

Counsel for relator attacks the search-warrant proceedings [1] upon several grounds, but these need not be considered separately. For the purpose of this case we assume at once that the proceedings were altogether void. The affidavit upon which the search-warrant was issued states: "That affiant was informed by various persons that they have purchased liquor at said place, and that intoxicating liquors are manufactured and kept for sale on said premises, and that it is a notorious

fact in and around said section 24 that intoxicating liquor
can be procured at said place.'' The issuance of a search-
warrant on hearsay statements such as these cannot be justified,
and the state does not attempt to defend the proceedings.
But, though we disregard the search-warrant altogether, it does
not follow that relator is entitled to the relief demanded. If,
when the officers arrived near the building in question, they had
probable cause to believe that the law was being violated in
their presence, their authority to make the seizure was ample,
and it was altogether immaterial whether they had any war-
rant at all.

Section 11106, Revised Codes of 1921, provides: ''When any
[2]   violation of any provisions of the laws of this state relat-
ing to intoxicating liquors shall occur in the presence of any
sheriff, constable, marshal, or other officer having power to
serve criminal process, it shall be the duty of such officer,
without warrant, to arrest the offender, and to seize the liquor,
bars, furniture, fixtures, vessels, and appurtenances thereunto
belonging, so unlawfully used,'' *etc.* That section was origi-
nally section 9 of Chapter 143, Laws of 1917, and in construing
it this court, in *State ex rel. Neville* v. *Mullen,* 63 Mont. 50,
207 Pac. 634, said: ''The right to seize without process is thus
made coextensive with the right to arrest without a warrant,
and the authority to arrest without a warrant is conferred in
the same terms as is the like authority given to any peace
officer by section 11753, Revised Codes of 1921, so that we
may properly determine the scope of the officer's authority
to seize under section 9 by determining the scope of his
authority to arrest without a warrant. Whatever else may
be said upon that subject, the utmost that can be exacted
of the officer who arrests without a warrant is that the
circumstances shall be such that upon them alone he would
be justified in making a complaint upon which a warrant might
issue. In other words, if the circumstances are such that the
officer could properly secure a warrant of arrest, he may

arrest without a warrant, if the offense which the circumstances tend to establish was committed in his presence."

It cannot be doubted that the facts stated in the counter-affidavit would justify the issuance of a warrant. While the detection of one crime may require the exercise of the sense of sight, the sense of smell may be equally reliable in discovering the commission of another (*People* v. *Flaczinski*, 223 Mich. 650, 194 N. W. 566; *United States* v. *Borkowski* (D. C.), 268 Fed. 408; *United States* v. *Kaplan* (D. C.), 286 Fed. 963), and whenever any officer is apprised by any of his senses that a crime is being committed, it is being committed in his presence, within the meaning of section 11106 above. (*McBride* v. *United States* (C. C. A.), 284 Fed. 416.)

Since the right to seize without process is coextensive with the right to arrest without a warrant, it follows that, upon the showing made in the counter-affidavit, the officers were justified in seizing the contraband articles, and, for the purpose of making the seizure, were authorized to enter the building in question. (Sec. 11761, Rev. Codes.)

But it is insisted that the trial court erred in giving con-
[3] sideration to the counter-affidavit. If this relator had made his motion to suppress the evidence solely upon the record, there might be just cause for his complaint; but when he used his own affidavit in support of the motion he was not in a position to question the right of the state to oppose it by a counter-affidavit. Section 10636 provides that an affidavit may be used "upon a motion," and, barring certain exceptions not now material, it is a general rule that, whenever an affidavit is used by one party, a counter-affidavit may be used by his adversary. (*San Joaquin Valley Bank* v. *Gate City Oil Co.*, 36 Cal. App. 791, 173 Pac. 781.)

Again it is contended that the use of this particular counter-
[4] affidavit was improper, in that its effect is to contradict the return made by the sheriff. The sheriff's return upon the search-warrant recites: "I received the said warrant on the 24th day of July, A. D. 1924, and that I executed the same

on the 25th day of July, A. D. 1924, in the daytime by searching the within described premises in said search-warrant, and that I found the following,'' *etc.*

The remainder of section 11106, after the portion quoted above, prescribes the procedure to be observed including the requirement that the officer shall ''make return setting forth a particular description of the liquor and property seized and of the place where the same was so seized,'' *etc.* But this procedural portion of the section is designed solely for the purpose of laying a foundation for a civil proceeding *in rem* for the forfeiture of the seized property. (*State* v. *Kelly,* 57 Mont. 123, 187 Pac. 637; *State* v. *Nielsen,* 57 Mont. 137, 187 Pac. 639; *State* v. *Johnson,* 69 Mont. 38, 220 Pac. 82.) If the sheriff had failed to make any return, it could not have affected the criminal prosecution or the admissibility of the evidence procured by the seizure.

But assuming that the effect of the Howell counter-affidavit [5] is to contradict rather than supplement the sheriff's return, it was not inadmissible for that reason. Section 4779, Revised Codes, provides: ''The return of the sheriff, upon process or notices, is *prima facie* evidence of the facts in such return stated.'' The very definition of *''prima facie* evidence'' given in section 10498, Revised Codes, presupposes that it may be overcome by other evidence.

While it is true that section 11106 requires the officer to [6] arrest the person who is violating the law in his presence, and an arrest was not made in this instance, relator cannot complain that he was not subjected to this additional burden, or that the sheriff did not perform fully the duties imposed upon him by law.

We cannot agree with counsel for the relator that the [7] counter-affidavit contains only conclusions or opinions. The statement that the affiant detected a pronounced odor of fermenting whisky mash and moonshine fumes coming from [8] the building is the statement of a fact. An officer may be deceived by his sense of smell; so likewise may his sense

of sight mislead him; but he is justified in acting upon what appears to be true, even though it may turn out to be false, provided he believes it to be true, and the appearances are sufficient to justify the belief as reasonable. (*State ex rel. Neville* v. *Mullen,* above.)

There is not any conflict whatever between the decision in the *Neville Case* and the decision in *State ex rel. Samlin* v. *District Court,* 59 Mont. 600, 198 Pac. 362. The language employed in any judicial decision must be interpreted in the light of the particular facts before the court. In the *Samlin Case* the court considered a search made under an invalid search-warrant; in the *Neville Case* a seizure, without a warrant, of articles used in the commission of a crime where the crime was committed in the presence of the officer. When construed in the light of these facts, the two decisions are entirely in harmony.

Counsel for relator relies largely upon the decision in *United States* v. *Goodwin* (D. C.), 1 Fed. (2d) 36, but the marked distinction between the facts of that case and the facts now before us is apparent. In the *Goodwin Case* the officer's affidavit went no further than to state that he "made investigation, and detected the strong odor of fermenting mash, and saw several machines leave the premises." In ordering the evidence suppressed, the court laid emphasis upon the fact that the officer did not assume to say that the odor came from the building which was searched. The court said: "As to the quoted statement, the assertion that the investigator detected the strong odor of fermenting mash (from what part of the premises we are not informed) cannot be said to furnish sufficient proof of probable cause that the building which was afterwards searched was being used as a place wherein liquor was being manufactured to be sold or disposed of in violation of the law."

When the facts are considered, it will appear at once that our conclusion does not conflict in the least with the decision in the *Goodwin Case.* The facts in *People* v. *Flaczinski,* above,

are much more nearly like those before us, and in that case the court refused to suppress the evidence.

The proceeding is dismissed.

*Dismissed.*

MR. CHIEF JUSTICE CALLAWAY, and ASSOCIATE JUSTICES RANKIN and STARK, concur.

MR. JUSTICE GALEN, being absent on account of illness, did not hear the argument and takes no part in the foregoing decision.