STATE, RESPONDENT, *v.* DeHAVEN, APPELLANT.

(No. 5,971.)

(Submitted October 16, 1926. Decided October 29, 1926.)

[250 Pac. 615.]

*Intoxicating Liquor—Arrest and Seizure Without Warrant—When Justifiable—Motion to Suppress Evidence—Findings of Trial Court Conclusive if Made on Conflicting Testimony.*

Intoxicating Liquor—Suppression of Evidence—Conflict in Testimony—Findings of Trial Court Conclusive.
1. Determination of a conflict in testimony introduced at the hearing of a motion to suppress evidence was a matter within the province of the trial court and with its findings thereon the supreme court will not interfere.

1. Recovery of property wrongfully seized by public authorities and held for use as evidence in a criminal trial, see notes in 11 A. L. R.; 13 A. L. R. 1168.

Same—Arrest and Seizure Without Warrant—When Justifiable.

2. Where officers detected a pronounced odor of fermented whisky mash and moonshine whisky fumes emanating from defendant's residence and on being admitted found a still in operation as well as a quantity of mash and moonshine whisky, they were justified under section 11106 of the Revised Codes of 1921, to arrest defendant and seize the articles found without a warrant, as for an offense committed within their presence, and the court properly refused to suppress the evidence thus secured from being used at defendant's trial for a violation of the liquor laws.

[1] Criminal Law, 17 **C. J.**, sec. 3593, p. 263, n. 79.
[2] Criminal Law, 16 **C. J.**, sec. 1229, p. 620, n. 63, 64. Intoxicating Liquors, 33 **C. J.**, sec. 376, p. 679, n. 44, 54.

*Appeal from District Court, Dawson County; Frank P. Leiper, Judge.*

DWIGHT DEHAVEN was convicted of violations of the liquor laws, and appeals from the judgment of conviction. Affirmed.

*Mr. Stanley M. Doyle* and *Mr. George W. Farr*, for Appellant, submitted a brief; *Mr. Farr* argued the cause orally.

It is the defendant's contention that regardless of whether or not the officers were invited to "come in" as a result of the knocking on the door of the defendant's home,. their acts and conduct were in disregard of the defendant's constitutional rights against unlawful search and seizure and that all the information that they obtained while in the defendant's home was in violation of such rights.

Both the federal and state prohibitory Acts provide in effect that no warrant shall be issued to search a private dwelling occupied as such unless some part of it is used as a store, shop, hotel or boarding-house, or for any other purpose than a private residence, or unless such residence is a place of public resort. (Sec. 11104, Revised Codes 1921; Cornelius on Search and Seizure, sec. 27.) We think the law is well settled that the fact that liquor is being manufactured in a private residence is not

2. Right of search and seizure, without a search-warrant, incident to lawful arrest, see note in 32 **A. L. R.** 680. Necessity of warrant for search for or seizure of intoxicating liquors, see note in 39 **A. L. R.** 814.

sufficient evidence upon which to predicate the issuance of a search-warrant.　(McFadden. on Prohibition, sec. 169, page 218.) There is not any contention made by the state of any evidence of sale in the presence of the officers.　One of the state's witnesses does testify that he smelled the cooking of moonshine whisky mash, but this fact alone, without sale, would not give any right or justification to these officers to make a search of the defendant's home.　In *Staker* v. *United States,* 5 Fed. (2d) 312, there was a search-warrant procured to search a home on a sense of smell and the court held that an allegation of manufacture of liquors, without sale, would not give jurisdiction to issue a search-warrant to search a dwelling-house, the court saying: "The officers had no probable cause to believe from the smell alone that the dwelling house was being used for sale."

It may be stated as a general principle that no general exploratory search and seizure of either persons, houses or effects can ever be justified, either with or without a search-warrant, and as to private residences no search can ever be justified without a warrant.　(*United States* v. *Rembert,* 284 Fed. 996.)

That the officers while upon the defendant's premises and before entering the house smelled moonshine whisky mash, would not warrant them entering the house and making a search thereof.　(*Mattingly* v. *Commonwealth,* 197 Ky. 583, 247 S. W. 938; *People* v. *Woodward,* 215 Mich. 267, 183 N. W. 901.)

*Mr. L. A. Foot,* Attorney General, and *Mr. S. R. Foot,* Assistant Attorney General, for the State, submitted a brief, the latter arguing the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

The defendant was convicted of violations of the liquor laws, and from a judgment imposing a fine and imprisonment he appealed.　All of the evidence produced by the state to secure the conviction consisted of certain articles and information

obtained in connection with and concerning the same, secured under the following circumstances, according to the contention of the state:

On February 3, 1926, and for a long time prior thereto, the defendant and his family resided in a house located on the Northern Pacific Company's right of way in the city of Glendive. On the day mentioned, A. H. Helland, sheriff of Dawson county, M. G. Danskin, mayor of Glendive, Eugene Van Wert, chief enforcement officer of this state, and E. E. Collins, special assistant attorney general and also an enforcement officer of this state, left the county attorney's office in Glendive and proceeded in a car to a point on the south side of the street, about seventy-five feet from the defendant's dwelling, where Helland and Van Wert got out of the car and started toward defendant's house. Helland said that when about ten feet from defendant's house he detected a pronounced odor of fermented whisky mash and moonshine whisky fumes emanating from the building; that he was easily able to smell said fumes, and was satisfied thereby that intoxicating liquor was being manufactured in said house; that as he walked nearer the building the odor of moonshine whisky mash and moonshine fumes became more pronounced. Helland and Van Wert went up to the house, the latter rapped on the door, whereupon defendant opened the door and admitted them, and the defendant said to them in substance: "Well, boys, I guess the stuff is all up; you have got the goods on me." As Helland and Van Wert approached the house, the latter motioned to Collins and Danskin to come to the house, and they did so, reaching there about the time the door was opened. Collins testified that as he stepped up Van Wert was saying to the defendant: "Now, you just as well tell us where that still is. We want it. Is it in the basement?" Van Wert then started out of the house, passing Collins as the latter stepped in. The defendant then said, "Oh well, sheriff, here it is in here; it is no use," and opened the door into another room and showed them the still in operation. Collins then tapped on the window and beckoned

Van Wert back. In the room indicated the officers found a quantity of mash, some moonshine whisky and a still in operation distilling moonshine whisky. The sheriff then arrested the defendant and seized the articles mentioned. The officers had neither a warrant for the arrest of the defendant nor a search-warrant authorizing a search of the house.

On behalf of the defendant it was claimed that the officers opened the door and entered the house without invitation; that the defendant demanded to know whether they had a search-warrant, and was informed by them that they did not, but proceeded immediately to search the premises and found the seized articles mentioned.

Upon the information obtained in the manner above set forth, the county attorney filed an information charging the defendant with violations of the law.

The defendant made a timely motion to suppress the use as evidence of all the articles seized by the officers and all information obtained in connection therewith. Upon the hearing of this application the circumstances and contentions above recited were developed. The motion to suppress was denied, and at the trial, over the objections of the defendant, witnesses on behalf of the state were permitted to detail the circumstances connected with the seizure of the articles mentioned, and they were introduced in evidence against the defendant.

The only complaint here made by defendant is that the court erred in not suppressing the use of the articles and the information obtained by the search of the defendant's house, and in permitting the state to use the same as evidence upon the trial.

The state seeks to justify the search of the defendant's house and the seizure of the articles therein upon two grounds: (1) That an offense was being committed in the presence of the officers, and hence it became their duty, under the provisions of section 11106, Revised Codes of 1921, without a warrant to arrest the defendant and to seize the articles being used by him for an unlawful purpose; (2) that the defendant con-

sented to the search of his house and thereby waived the provisions of section 7 of Article III of the state Constitution.

There was some conflict in the testimony introduced at the [1] hearing on the motion to suppress, but it is apparent that the court resolved the disputed questions of fact in favor of the state's contentions, and with that conclusion we are not justified in interfering, since the determination of the conflict was particularly within the province of the judge of the trial court, who heard the evidence and saw the witnesses upon the stand.

Section 11106, *supra,* provides: "When any violation of any [2] provisions of the laws of this state relating to intoxicating liquors shall occur in the presence of any sheriff, constable, marshal, or other officer having power to serve criminal process, it shall be the duty of such officer, without warrant, to arrest the offender, and to seize the liquor, bars, furniture, fixtures, vessels, and appurtenances, thereunto belonging, so unlawfully used." The provisions of this section have received construction by this court in the cases of *State ex rel. Neville* v. *Mullen,* 63 Mont. 50, 207 Pac. 634, and *State ex rel. Merrell* v. *District Court,* 72 Mont. 77, 231 Pac. 1107. In the *Mullen Case* it was held that under this section an officer's right to seize the contraband articles when a crime is being committed in his presence is made coextensive with his right to arrest without a warrant, and, "whatever else may be said upon that subject, the utmost that can be exacted of the officer who arrests without a warrant is that the circumstances shall be such that upon them alone he would be justified in making a complaint upon which a warrant might issue. In other words, if the circumstances are such that the officer could properly secure a warrant of arrest, he may arrest without a warrant if the offense which the circumstances tend to establish was committed in his presence." If, then, the facts and circumstances were sufficient to justify the officers in arresting the defendant without a warrant, it was their duty, in connection therewith, to seize

the articles used by him in connection with the commission of the offense.

As stated by the supreme court of the United States in *Agnello* v. *United States,* 269 U. S. 20, 70 L. Ed. 145, 46 Sup. Ct. Rep. 4: "The right without a search-warrant contemporaneously to search persons lawfully arrested while committing crime and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits or as the means by which it was committed, * * * is not to be doubted. (See *Carroll* v. *United States,* 267 U. S. 132, 159, 45 S. Ct. 280, 69 L. Ed. [543, 553, 39 A. L. R. 790]; *Weeks* v. *United States,* 232 U. S. 383, 392, 34 S. Ct. 341, 58 L. Ed. 652 [655], L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177.) * * * Such searches and seizures naturally and usually appertain to and attend such arrests."

In the *Merrell Case, supra,* the officer sought to justify his entry into a building and the seizure of some mash, an incomplete still, and other articles located therein by setting forth that as he approached the building he detected a pronounced odor of fermenting mash and moonshine fumes coming therefrom, sufficient to satisfy him that intoxicating liquor was being manufactured therein. In holding that this constituted probable cause for the officer's belief that an offense was being committed in his presence and a justification of the entry and seizure of the articles, this court said: "It cannot be doubted that the facts stated * * * would justify the issuance of a warrant. While the detection of one crime may require the exercise of the sense of sight, the sense of smell may be equally reliable in discovering the commission of another (*People* v. *Flaczinski,* 223 Mich. 650, 194 N. W. 566; *United States* v. *Borkowski* [D. C.], 268 Fed. 408; *United States* v. *Kaplan* [D. C.], 286 Fed. 963), and whenever any officer is apprised by any of his senses that a crime is being committed, it is being committed in his presence, within the meaning of section

11106 above. (*McBride* v. *United States* (C. C. A.), 284 Fed. 416.)''

It is suggested that distinction should be drawn between this case and the *Merrell Case,* for the reason that here the premises in which the offense was being committed in the presence of the officers was a private dwelling-house, used as such, whereas that condition did not exist in the *Merrell Case.* But section 11106 does not make any such distinction. Under its requirements, when any violation of the provisions of the laws of the state relating to intoxicating liquors occurs in the presence of the officer it is his duty without a warrant to arrest the offender and to seize the articles being used in connection with the offense.

Following the rule announced in the above cases, we hold that the showing made by the officers in this case was sufficient to justify the arrest of the defendant without a warrant and the seizure of the moonshine whisky and articles being used by him in manufacturing the same, under the provisions of section 11106; hence, the court did not err either in refusing to suppress this evidence or in permitting it to be used against the defendant at the trial.

This conclusion makes it unnecessary to consider whether the acts of the defendant at the time in question amounted to a consent to the search of his dwelling.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICE MATTHEWS concur.

JUSTICES HOLLOWAY and GALEN not sitting.