I agree with the result, but I do not agree with the view that a presumption can be overcome, as a matter of law, by what we believe to be a preponderance of the evidence controverting it. Ordinarily, when there is a presumption of a certain fact and positive evidence controverting it, an issue is made for the jury (Johnson v. Chicago etc. R. Co., 52 Mont. 73, 155 P. 971;Freeman v. Chicago etc. R. Co., 52 Mont. 1, 154 P. 912), and when the case is tried to the court without a jury, one is made for the trial judge. It is only when the controverting facts are so overwhelmingly against the presumption that there can be but one reasonable and rational conclusion, that the question becomes one of law for the court. (Nichols v. New York LifeIns. Co., 88 Mont. 132, 292 P. 253; Maki v. MurrayHospital, 91 Mont. 251, 7 P.2d 228.)
The holding in the majority opinion that a presumption may be overcome as a matter of law by a preponderance of conflicting evidence is contrary to subdivision 2 of section 10672, Revised Codes 1921, and to the decisions in Johnson v. Chicago etc. R.Co., supra, Freeman v. Chicago etc. R. Co., supra, andRenland v. First Nat. Bank, 90 Mont. 424, 4 P.2d 488, in each of which the evidence controverting the presumption was all one way; it was not even conflicting, and it was still held to present a fact question for the jury.
I am able to concur in the result for the reason that I think there is no substantial evidence that Ruth is the daughter of James, aside from the presumption; and that the presumption is overcome, not by a preponderance of conflicting evidence, but by all of the evidence in the case, and this so overwhelmingly as to permit of no other reasonable hypothesis. *Page 542