JOHNSON, RESPONDENT, v. CHICAGO, MILWAUKEE &
ST. PAUL RY. CO., APPELLANT.

(No. 3,603.)

(Submitted February 10, 1916.   Decided February 24, 1916.)

[155 Pac. 971.]

*Railroads—Killing of Livestock—Negligence—Presumptions—
Conflict in Evidence—Directed Verdict—Proper Refusal.*

1. Where the presumption of negligence on the part of a railroad.
company in the killing of livestock by one of its trains relied on by
plaintiff (Rev. Codes, sec. 4309) is confronted with testimony of its
train operatives that there was not any negligence on their part, the
result is a conflict of evidence resolvable by the jury; hence a
directed verdict in favor of defendant was properly refused.

[As to a railroad company's duty to cattle on track, see note in
20 Am. St. Rep. 161.]

*Appeal from District Court, Missoula County; J. E. Patter-
son, Judge.*

ACTION by Margaret Johnson against the Chicago, Milwaukee
& St. Paul Railway Company. From a judgment for plaintiff
and an order denying it a new trial, defendant appeals.
Affirmed.

*Mr. Henry C. Stiff*, for Appellant, submitted a brief, citing
in support of appellant's contention: *Spaulding* v. *Chicago &
N. W. Ry. Co.*, 33 Wis. 582; *Menominee River Sash & Door Co.*
v. *Milwaukee & N. R. Co.*, 91 Wis. 447, 65 N. W. 176; *Huber*
v. *Chicago, M. & St. P. Ry. Co.*, 6 Dak. 392, 43 N. W. 819;
*Volkman* v. *Chicago, St. P. etc. Ry. Co.*, 5 Dak. 69, 37 N. W.
731; *Crary* v. *Chicago, M. & St. P. Ry. Co.*, 18 S. D. 237, 100
N. W. 18; *Louisville & N. Ry. Co.* v. *Rountree*, 4 Ky. Law Rep.
447; *Keilbach* v. *Chicago, M. & St. P. Ry. Co.*, 11 S. D. 468, 78
N. W. 951; *Scarpelli* v. *Washington Water Power Co.*, 63 Wash.
18, 114 Pac. 870.

*Messrs. J. H. Tolan* and *R. F. Gaines*, submitted a brief in
behalf of Respondent; *Mr. Gaines* argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

On May 10, 1913, a milch cow belonging to the respondent was struck and killed by one of the appellant's trains, and the respondent brought this action to recover $85, the value of said cow.   The complaint alleges negligence in the killing, and while the answer amounts to a general denial, negligence was the only issue developed at the trial.   As evidence of such negligence, [1]   respondent relied upon the presumption established by section 4309, Revised Codes.   This the appellant sought to rebut by the evidence of the engineer and fireman which, if accepted in all respects, tended to show that there was no negligence, and at the close of all the evidence moved a directed verdict, the denial of which constitutes the only error assigned.

Appellant's contention is that, having presented testimony tending to exonerate it from negligence, the presumption was overcome in the absence of a further showing by the respondent, and a verdict should have been directed accordingly.   This is untenable.   When a presumption of this character is confronted with testimony in the opposite direction, the result is a conflict of evidence which the jury must resolve.   (Rev. Codes, sec. 8028, subd. 2; *Freeman* v. *Chicago, M. & St. P. Ry. Co.*, 52 Mont. 1, 154 Pac. 912; *Emerson* v. *Butte Electric Ry. Co.*, 46 Mont. 454, 129 Pac. 319.)

The judgment and order appealed from are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.