## NEW YORK LIFE INSURANCE CO. *v.* GAMER, EXECUTRIX.

No. 323.   Argued January 13, 1938.—Decided February 14, 1938.

See also 76 F. (2d) 543.

*Mr. J. A. Poore,* with whom *Messrs. M. S. Gunn* and *Charles R. Leonard* were on the brief, for petitioner.

162

164

*Mr. William Meyer,* with whom *Mr. Francis P. Kelly* was on the brief, for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

April 10, 1933, the deceased died by gunshot. Petitioner had insured his life by a policy in which it agreed to pay his executors ten thousand dollars upon proof of death without regard to its cause, or twenty thousand dollars in case of death resulting from accident as defined by a provision the pertinent parts of which follow. "The Double Indemnity . . . shall be payable upon receipt of due proof that the death of the Insured resulted directly and independently of all other causes from bodily injury effected solely through external, violent and accidental means . . . Double Indemnity shall not be payable if the Insured's death resulted from self-destruction, whether sane or insane."

Respondent sued petitioner in a state court for twenty thousand dollars. There being diversity of citizenship, defendant removed the case to the federal court for the district of Montana. The complaint alleges that the death of the insured resulted directly and independently of all other causes from bodily injury effected solely through external, violent and accidental means and did not result from self-destruction but directly from the accidental discharge of a rifle.

Defendant's answer concedes that plaintiff is entitled to the face of the policy, and alleges a deposit of that amount with interest in court. It denies that death resulted from bodily injury effected through accidental means; and specifically denies that it resulted from the accidental discharge of a rifle or other fire-arm. And "as an affirmative defense," it alleges that the death of the insured resulted from self-destruction by intentionally discharging a loaded rifle into his body with intent to take his life.

The case came on for trial and, at the close of the evidence, the judge on motion of defendant directed the jury to return a verdict in its favor. Plaintiff appealed; the circuit court of appeals held that the question whether the death was accidental should have been submitted to the jury, and reversed the judgment. 76 F. (2d) 543. At the second trial plaintiff went forward; at the close of all the evidence defendant requested the court to direct a verdict in its favor, insisting that plaintiff had failed to prove accidental death and that the evidence showed death was caused by self-destruction, and was not sufficient to sustain a verdict for the plaintiff. The court denied the motion and submitted the case to the jury.

Its charge contained the following:

"In this case the defendant alleges that the death of E. Walter Gamer was caused by suicide. The burden of proving this allegation by a preponderance, or greater weight of the evidence is upon the defendant. The presumption of law is that the death was not voluntary and the defendant . . . must overcome this presumption and satisfy the jury by a preponderance of the evidence that his death was voluntary.

"Ordinarily . . . in the absence of a plea by the defendant of suicide or self-destruction the burden would be upon, and it still is upon the plaintiff in this case to prove that Walter Gamer died from external, violent and acci-

dental means, but by its answer . . . the . . . Company has admitted that . . . [he] died through external and violent means. . . . The question remains as to whether the death was accidentally caused, or the means of the death was accidental or whether it was suicide. But when the defendant took the position that it takes here it assumed the burden of proving to you by a preponderance of the evidence that Walter Gamer killed himself voluntarily. . . .

"The presumption of law is that the death was not voluntary and the defendant in order to sustain the issue of suicide . . . must overcome this presumption and satisfy the jury, by a preponderance of the evidence, that his death was voluntary . . ."

The jury gave plaintiff a verdict for twenty thousand dollars with interest, and the court entered judgment in her favor for that amount. Defendant appealed, alleging that the trial judge erred in denying its motion for a directed verdict and in giving each of the quoted instructions. The circuit court of appeals affirmed. 90 F. (2d) 817. This Court granted a writ of certiorari.

There are presented for decision, questions whether the trial court erred in refusing to direct a verdict for defendant or in giving any of the instructions quoted above.

The circuit court of appeals has twice held the evidence sufficient to sustain a verdict for plaintiff. It found that the facts brought forward at the second trial are not substantially different from those presented on the first appeal. There is no substantial controversy as to the principal evidentiary circumstances upon which depends decision of the controlling issue, whether the death of the insured was accidental. As we are of opinion that the trial court erred in giving the challenged instructions, and the judgment is to be reversed and the case remanded to the district court where another trial may be had, we

refrain from discussion of the evidence. We find it sufficient to sustain a verdict for or against either party. Defendant was not entitled to a mandatory instruction.

The form and substance of the challenged instructions suggest that the trial judge followed those brought before this Court in *Travellers' Ins. Co.* v. *McConkey,* 127 U. S. 661. The opinion of the circuit court of appeals reads that case to require approval of the instructions here in question. As it has not been uniformly interpreted, we shall examine its principal features. There the accident policy sued on covered bodily injuries effected through external, violent and accidental means when such injuries alone occasioned death or disability. A proviso declared that no claim should be made under the policy when the death or injury had been caused by suicide, or by intentional injuries inflicted by the insured or by any other person. The complaint alleged that the insured had been accidently shot by a person or persons unknown to plaintiff, by reason of which he instantly died. The answer denied that death was occasioned by bodily injuries effected through external, violent and accidental means, and alleged that it was caused by suicide, or by intentional injuries inflicted either by the insured or by some other person.

The statement of the case quotes the following instructions (pp. 663–664):

"The plaintiff . . . gives evidence of the fact that the insured was found dead . . . from a pistol shot through the heart. This evidence satisfies the terms of the policy with respect to the fact that the assured came to his death by 'external and violent means,' and the only question is whether the means by which he came to his death were also 'accidental.'

"It is manifest that self-destruction cannot be presumed. . . . The plaintiff is therefore entitled to recover unless the defendant has by competent evidence overcome

this presumption and satisfied the jury by a preponderance of evidence that the injuries which caused the death of the insured were intentional on his part.

"Neither is murder to be presumed . . .; but if the jury find . . . that the insured was in fact murdered, the death was an accident as to him . . . If . . . the injuries of the insured . . . were not intentional on his part the plaintiff has a right to recover. . . . The inquiry . . . is resolved into a question of suicide, because if the insured was murdered the destruction of his life was not intentional on his part.

"The defendant, in its answer, alleges that the death of the insured was caused by suicide. The burden of proving this allegation by a preponderance of evidence rests on the defendant."

This Court held that the trial judge erred in charging that if the insured was murdered plaintiff was entitled to recover and on that ground reversed the judgment and remanded the case with directions to grant a new trial.

It was not necessary to consider any other question. But, for guidance of the trial ordered, the Court discussed other parts of the charge.

At the outset the opinion declares that under the issue presented by the general denial it was incumbent on plaintiff to show that the death was the result not only of external and violent, but also of accidental means. It states that the two "principal facts to be established were external violence and accidental means, producing death. The first was established when it appeared that death ensued from a pistol shot through the heart of the insured. The evidence on that point was direct and positive; . . . Were the means by which the insured came to his death also accidental? If he committed suicide, then the law was for the company, because the policy . . . did not extend to . . . self-destruction . . ."

The opinion proceeds (p. 667): "Did the court err in saying to the jury that, upon the issue as to suicide, the

law was for the plaintiff, unless that presumption was overcome by competent evidence? This question must be answered in the negative. The condition that direct and positive proof must be made of death having been caused by external, violent, and accidental means, did not deprive the plaintiff, when making such proof, of the benefit of the rules of law established for the guidance of courts and juries in the investigation and determination of facts."

The statement just quoted, lacking somewhat of the precision generally found in opinions of the Court prepared by its eminent author, has been variously construed. The question it propounds does not fully reflect the substance of the charge which put on the defendant the burden of proving suicide by preponderance of the evidence. However, the opinion shows that the burden was on plaintiff to prove death by accident as defined in the contract. It contains nothing to suggest that the court deemed the issue as to burden of proof arising on general denial to be affected by defendant's allegation of suicide. It held that if the insured committed suicide, plaintiff had no claim; that, from the fact of death by violence, accident would be presumed, and that unless the presumption was overcome by evidence the law was for plaintiff. The opinion does not indicate the quantum of proof required to put an end to the presumption. It is consistent with, if indeed it does not support, the rule that the presumption is not evidence and ceases upon the introduction of substantial proof to the contrary. Thayer, Preliminary Treatise on Evidence, p. 346. *Mobile, J. & K. C. R. Co.* v. *Turnipseed,* 219 U. S. 35, 43. *Western & Atlantic R. Co.* v. *Henderson,* 279 U. S. 639, 642, 644. *Heiner v. Donnan,* 285 U. S. 312, 329. *Atlantic Coast Line* v. *Ford,* 287 U. S. 502, 506. *Del Vecchio* v. *Bowers,* 296 U. S. 280, 286. *Nichols* v. *New York Life Ins. Co.,* 88 Mont. 132, 139 *et seq.;* 292 P. 253. The opinion did not definitely sustain any of

the charges to which it referred. It falls far short of sustaining the instructions challenged in the present case.

Under the contract in the case now before us, double indemnity is payable only on proof of death by accident as there defined. The burden was on plaintiff to allege and by a preponderance of the evidence to prove that fact. The complaint alleged accident and negatived self-destruction. The answer denied accident and alleged suicide. Plaintiff's negation of self-destruction taken with defendant's allegation of suicide served to narrow the possible field of controversy. Only the issue of accidental death *vel non* remained. The question of fact to be tried was precisely the same as if plaintiff merely alleged accidental death and defendant interposed denial without more. *Travelers' Ins. Co.* v. *Wilkes,* 76 F. (2d) 701, 705. *Fidelity & Casualty Co.* v. *Driver,* 79 F. (2d) 713, 714. Cf. *Home Benefit Assn.* v. *Sargent,* 142 U. S. 691.

Upon the fact of violent death without more, the presumption, i. e., the applicable rule of law, required the inference of death by accident rather than by suicide. As the case stood on the pleadings, the law required judgment for plaintiff. *Travellers' Ins. Co.* v. *McConkey, supra,* 665. It was not submitted on pleadings but on pleadings and proof. In his charge the judge had to apply the law to the case as it then was. The evidence being sufficient to sustain a finding that the death was not due to accident, there was no foundation of fact for the application of the presumption; and the case stood for decision by the jury upon the evidence unaffected by the rule that from the fact of violent death, there being nothing to show the contrary, accidental death will be presumed. The presumption is not evidence and may not be given weight as evidence. *Despiau* v. *United States Casualty Co.,* 89 F. (2d) 43, 44. *Jefferson Standard Life*

*Ins. Co.* v. *Clemmer*, 79 F. (2d) 724, 730. *Travelers' Ins. Co.* v. *Wilkes, supra,* 705. *Fidelity & Casualty Co.* v. *Driver, supra,* 714. *Frankel* v. *New York Life Ins. Co.,* 51 F. (2d) 933, 935. *Ocean Accident & Guarantee Corp.* v. *Schachner,* 70 F. (2d) 28, 31. But see: *New York Life Ins. Co.* v. *Ross,* 30 F. (2d) 80. *Tschudi* v. *Metropolitan Life Ins. Co.,* 72 F. (2d) 306, 308, 310. *Nichols* v. *New York Life Ins. Co., supra.*

In determining whether by the greater weight of evidence it has been established that the death of the insured was accidental, the jury is required to consider all admitted and proved facts and circumstances upon which the determination of that issue depends and, in reaching its decision, should take into account the probabilities found from the evidence to attend the claims of the respective parties.

The challenged instructions cannot be sustained.

*Judgment reversed.*

MR. JUSTICE CARDOZO and MR. JUSTICE REED took no part in the consideration or decision of this case.

MR. JUSTICE BLACK, dissenting.

The judgment below rests upon an insurance policy contract made in Butte, Montana. Plaintiff filed suit for more than $3,000 in a Montana state court, and the insurance company—because it was not a Montana corporation—was able to remove the suit to the Federal District Court. Plaintiff's judgment in the District Court was affirmed by the Court of Appeals. This Court now reverses plaintiff's judgment because the District Court instructed the jury that—evidence having established the death of the insured by violent and external means—the law presumed from these facts that the death "was not voluntary and . . . the defendant must overcome this presumption and satisfy the jury by a preponderance of

the evidence, that his death was voluntary. . . ." The policy of insurance was a Montana contract and even though the company was able to remove plaintiff's case to a Federal court, I believe the plaintiff's rights should be determined by Montana law. Under Montana law I believe the above instructions were proper.

The Supreme Court of Montana has said: [1]

"Where, as here, death is shown as the result of *external and violent means* and the issue is whether it was due to accident or suicide, the *presumption is in favor of accident*."

The majority agree with the Montana law up to this point, saying:

"Upon the fact of *violent death without more, the presumption,* i. e., the applicable rule of law, *required the inference of death by accident rather than by suicide*."

At this point, agreement ends between the rule here declared by the majority and the law of Montana.

Under Montana law the presumption that violent death was accidental and not suicidal continues and does not disappear unless the evidence "*all* points to suicide . . . with such certainty as to preclude any other reasonable hypothesis"; and the presumption continues for the jury's consideration except ". . . when the evidence points overwhelmingly to suicide as the cause of death." [2]

---

[1] *Nichols* v. *New York Life Ins. Co.,* 88 Mont. 132, 140; 292 P. 253, 255.

[2] *Nichols* v. *New York Life Ins. Co., supra,* at 141. In a case involving an action on an insurance policy, in which the *McConkey* case, *supra,* was followed, the Supreme Court of Montana said:

"The testimony as to the incidents connected with the death of the insured is slight, but is sufficient to establish the death of insured by external and violent means. . . .

". . . if plaintiff had 'shown by the fair weight of the evidence that the assured came to his death as the result of a pistol shot . . ., then the law will presume that the shot was accidental, and that it was not inflicted with murderous or suicidal intent. And under

Contrary to this clear statement by the Montana Supreme Court is the different rule clearly announced by the majority here in holding that the presumption disappears after the insurance company introduced evidence merely *"sufficient to sustain* a finding that the death was not due to accident."

This Court does not find that the evidence in this case excludes every other reasonable hypothesis but suicide or that all of the evidence points "unerringly to suicide as the cause of death." [3]   On the contrary the majority opinion states:

"We find it [the evidence] sufficient to sustain a verdict for or against either party.   Defendant was not entitled to a mandatory instruction."

It is obvious that the majority here declare a rule based neither on Montana law nor federal statute.   This federal judicial rule must none the less be followed in suits on insurance policies tried in federal courts.   The result

such circumstances the burden will be upon the defendant to overcome this presumption, and to show that the death was not caused by accidental means.'

"It is apparent, therefore, that under the great weight of authority plaintiff's evidence made a *prima facie* case.   As said by this court in numerous decisions, when a *prima facie* case is made by plaintiff, the defendant must rebut the case so made, or fail in the action." *Withers* v. *Pacific Mutual Life Ins. Co.,* 58 Mont. 485, 491, 492, 493, 494; 193 P. 566, 568.

"Testimony constituting a mere contradiction of the facts established presumptively by the *prima facie* case does not necessarily suffice to overthrow the same.   . . . the *prima facie* case must not only be contradicted but overcome as well.   When such case is made, contradictory testimony merely amounts to a conflict in the evidence, with the ultimate facts to be determined by the court or jury, as the case may be." *State* v. *Nielsen,* 57 Mont. 137, 143; 187 P. 639, 640.   Cf. *Johnson* v. *Chicago, M. & St. P. Ry. Co.,* 52 Mont. 73; 155 P. 971.   See, *Renland* v. *First National Bank,* 90 Mont. 424, 437; 4 P. 2d 488.

[3] Cf. *Nichols* v. *New York Life Ins. Co., supra,* at 144.

is that suits on policies for less than $3,000 tried in state courts will frequently be decided by rules different from the rule which governs similar suits tried in federal courts because they involve more than $3,000. In an orderly and consistent system of jurisprudence, it is important that the same law should fix and control the right of recovery on substantially identical contracts made in the same jurisdiction and under the same circumstances. Neither the company nor the policyholder should obtain an advantage by the application of a different law governing the contract merely because the case can be removed to a federal court.

It was to avoid such results—among other reasons—that § 725, U. S. C., Title 28, was passed. It provides:

"The laws of the several States, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply."

In this case, the law determining the burden of proof as to suicide affects the substantial rights of the parties.[4] Substantial rights arising from an insurance contract are governed by the law of the state where the contract is made.[5] Since the court below instructed the jury in accordance with the law of Montana, I do not believe the charge constituted reversible error.

Nor can I agree that we should approve a general rule governing trials in federal courts which in my judgment transfers *jury functions* to judges. The effect of the decision here is to give the trial judge the right to decide *when sufficient evidence has been introduced to take from the jury* the right to find accidental death from proof of

---

[4] Cf. *Central Vermont Ry. Co.* v. *White*, 238 U. S. 507, 511, 512; *New Orleans & N. E. R. Co.* v. *Harris*, 247 U. S. 367, 371, 372.

[5] *Pritchard* v. *Norton*, 106 U. S. 124, 130; *Northwestern Mutual Life Ins. Co.* v. *McCue*, 223 U. S. 234, 246, 247.

death by violent and external means. This inevitably follows if the presumption, or right of the jury to infer death by accident, "disappears" whenever the judge believes sufficient evidence of suicide has been introduced.

Stripped of discussions of legal formulas designated as "presumptions" and "burden of proof," the net result of the rule of "disappearing presumptions" is that trial judges in federal courts (irrespective of state rules) have the power to determine when sufficient "substantial evidence" has been produced to justify taking from the jury the right to render a verdict on evidence which—had the judge not found it overcome by contradictory evidence—would have justified a verdict. The judge exercises this power as a "trier of fact" although evidence, previously introduced and sufficient to support a verdict, has neither been excluded nor withdrawn.

Proof of death by external and violent means has uniformly been held to establish death by accident. The extreme improbability of suicide is complete justification for a finding of death from accident under these circumstances. While it has been said that this *proof of accidental death* was based on "presumption," in reality—whatever words or formulas are used—what is meant is that a litigant has offered adequate evidence to establish accidental death. To attribute this *adequacy of proof* to a "presumption" does not authorize or empower the judge to say that this "adequate proof" (identical with legal "presumption") has "disappeared." If the evidence offered by plaintiff provides adequate proof of accidental death upon which a jury's verdict can be sustained, mere *contradictory* evidence cannot overcome the original "adequate proof" unless the authority having the constitutional power to weigh the evidence and decide the facts believes the contradictory evidence has overcome the original proof. The *jury*—not the *judge*—should decide when there has been "substantial" evidence which overcomes

the previous adequate proof. Here, this Court holds that at the conclusion of plaintiff's evidence the jury had adequate proof upon which to find accidental death, and which would authorize a verdict that insured died as a result of accident, but also holds that, after subsequent contradictory evidence of defendant, the judge (not the jury) could decide that plaintiff's adequate proof (presumption) had "disappeared" or had been overcome by this subsequent contradictory testimony. This took from the jury the right to decide the weight and effect of this subsequent contradictory evidence. Such a rule gives parties a *trial by judge,* but does not preserve, in its entirety, that *trial by jury* guaranteed by the Seventh Amendment to the Constitution. I cannot agree to a conclusion which, I believe, takes away any part of the constitutional right to have a jury pass upon the weight of *all of the facts* introduced in evidence.

I believe the judgment of the court below should be affirmed.