(C. D. 96)

WM. FLEISSNER Co. *v.* UNITED STATES

United States Customs Court, First Division

(Decided February 9, 1939)

*Lawrence & Tuttle* (*Charles F. Lawrence* of counsel) for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

Before McCLELLAND, SULLIVAN, and BROWN, Judges; McCLELLAND, P. J., not participating

BROWN, Judge: This suit against the United States was brought at San Francisco, Calif., and there tried, to recover customs duties claimed to have been illegally collected on certain vegetable juices.

The collector of customs took duty thereon at 25 per centum ad valorem under paragraph 5, Tariff Act of 1930, reading as follows:

PAR. 5. All chemical elements, all chemical salts and compounds, all medicinal preparations, and all combinations and mixtures of any of the foregoing, all the foregoing obtained naturally or artificially and not specially provided for, 25 per centum ad valorem.

The plaintiff claims the importation is properly dutiable as a non-enumerated manufactured article at 20 per centum ad valorem under paragraph 1558, reading as follows:

PAR. 1558. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

or in the alternative that it is free of duty under paragraph 1722, reading as follows:

PAR. 1722. Moss, seaweeds, and vegetable substances, crude or unmanufactured, not specially provided for.

or dutiable at 10 per centum ad valorem under paragraph 34 as a drug.

The evidence shows that the merchandise, the classification of which is in question, consisted of bottles containing juices of various plants such as radishes, cucumbers, onions, beans, parsley, carrots, etc. (R. p. 5).

The official samples covered four items which were representative of the shipment and marked in evidence as Collective Exhibit 1.

A person engaged in the delicatessen and soda fountain business, who did not sell drugs, sold this class of merchandise for three years and used it herself, and saw other people use it, and testified that it was used in small quantities as a flavoring or to make soup or used as a beverage in a cocktail bar (R. p. 7, 8, 9).

There was no rebuttal evidence put in by the defendant.

The labels on the bottles in which these vegetable juices are sold to the users thereof, as shown by Collective Exhibit 1, read as follows:

Schoenenberger's Pure juice of fresh nonpoisonous PLANTS. Not just vegetable-juice but a product of science. Plants used are grown chiefly on own, specially supervised fields. Schoenenberger's Pure-Raw Plant Juices are in their natural form, without addition of chemicals or water. Bottled in vacuum. Must be stored in a lying position in a cool place and used within about 8 days after opening of bottle.

The Government relies entirely upon presumptions claiming that the evidence before us is insufficient and that to show such an article is not a medicinal preparation physicians must testify to the contrary.

However, presumptions cannot be weighed against substantial evidence, and the evidence before us in this record we consider substantial as showing these vegetable juices are not medicinal preparations making a *prima facie* case to that effect which was not rebutted.

Mr. Justice Butler's remarks in *New York Life Insurance Co.* v. *Gamer*, 303 U. S. 161, are relevent. On page 170 he says, in speaking of the opinion below:

It is consistent with * * * the rule that the presumption is not evidence and ceases upon the introduction of substantial proof to the contrary. Thayer Preliminary Treatise on Evidence, p. 346, etc., citing cases.

On page 171 he says:

The presumption is not evidence and may not be given weight as evidence. [Citing many authorities.]

Upon this record, therefore, we must sustain the protest for classification at 20 per centum ad valorem as a nonenumerated manufactured article. We do not think the other claims in the protest apply to such a situation.

Judgment will issue accordingly in favor of the plaintiff for classification under paragraph 1558 at 20 per centum ad valorem.