## LAVENTHAL v. NEW YORK LIFE INS. CO.

### No. 575.

District Court, E. D. Missouri, E. D.

July 16, 1941.

Max Sigoloff, of St. Louis, Mo., for plaintiff.

James C. Jones, Jr. and Lon Hocker, Jr., both of St. Louis, Mo., for defendant.

COLLET, District Judge.

■ The action is for recovery of death benefits under the double indemnity clause of two life insurance policies issued upon the life of Eli Laventhal. The face amount of each policy has been paid. An additional amount equal to the face of the policies is due the plaintiff beneficiary if the death of the insured was from accidental causes. A jury was waived. The policies are substantially identical. Each contains the conventional provision to the effect that the policy and the application constitute the contract. The application provides that the insurance shall not be effective until the policies are delivered to the insured in his good health and the first premium paid. The insured was a resident and citizen of the State of Missouri at the time the policies were issued and at the date of his death. His widow, the beneficiary, is now a resident and citizen of Missouri. The policies were delivered to the insured at University City, Missouri, and became effective upon delivery, the first premium having been paid. The contracts were therefore Missouri contracts. The Missouri law will be applied to their enforcement.

■ The determination of the factual issues depends upon where the burden of proof rests. That is true because the insured obviously committed suicide and the proof as to sanity or insanity is not convincing either way. If he was insane the death was accidental. Brunswick v. Standard Accident Ins. Co., 278 Mo. 154, 213 S.W. 45, 7 A.L.R. 1213. If he was sane, his death was not accidental and plaintiff may not recover. Scales v. National Life & Acc. Ins. Co., Mo.Sup., 212 S.W. 8.

■ At the outset it should be noted that plaintiff is entitled to and is given the benefit of the legal presumption against suicide. If the evidence left substantial doubt as to whether the insured's death had been self-inflicted, the well known fact that human beings do not ordinarily take their lives would weigh heavily in plaintiff's favor. But the legal presumption against suicide is not evidence. It casts upon defendant the obligation to go forward with the evidence when the facts shown by plaintiff are consistent with either accidental or suicidal death. It takes the plaintiff past a demurrer to her evidence under those circumstances. But the burden remains on plaintiff to establish the facts necessary to recovery, i. e., that death was accidental. Brunswick v. Standard Accident Ins. Co., supra; Griffith v. Continental Causualty Co., 299 Mo. 426, 253 S.W. 1043; New York Life Ins. Co. v. Gamer, 303 U.S. 161, 58 S.Ct. 500, 82 L.Ed. 726, 114 A.L.R. 1218. The implication found in Andrus v. Business Men's Acc. Ass'n, 283 Mo. 442, 223 S.W. 70, 13 A.L.R. 779, that the burden of proof was shifted to defendant by reason of the presumption against suicide is not the law in Missouri, as demonstrated by the later opinion of the Missouri Supreme Court in Griffith v. Continental Casualty Company, supra. Hence if all of the evidence when weighed in the light of the fact that there is in human beings an instinct of self-preservation is not conducive to the conclusion that, assuming adequate mental capacity, the insured did not intend to take his own life the result is a failure to sustain the burden of proof that death was accidental. As noted, the evidence in this case goes much farther and demonstrates beyond question that it was the insured's self-inflicted injury which caused his death and that if he had the mental capacity to do what he actually did, his death was intentionally suicidal.

■ The question of mental capacity or want of it is the only question of fact which is uncertain. The criterion of insanity in these cases is whether the insured was so far mentally unsound that he could not exercise a rational judgment upon the question of life and death; whether he was oblivious to the duties which he owed his family, to his friends, and to himself; whether he was impelled by a morbid impulse which he had not sufficient strength of will to resist. Manhattan Life Ins. Co. v. Broughton, 109 U.S. 121, 3 S.Ct. 99, 27 L.Ed. 878; Rodgers v. Travelers' Ins. Co., 311 Mo. 249, 278 S.W. 368; New York Life Ins. Co. v. King, 8 Cir., 93 F.2d 347(8). The evidence is not at all persuasive that, measured by this test, the insured was insane, was without sufficient mental capacity to intentionally take his own life. The evidence is somewhat more convincing that the insured was sane, but lacks the persuasiveness that would prompt a conclusion that the greater weight of the evidence points to sanity, an exercise of rational judgment with consciousness of his duties and an absence of a morbid impulse which he could not resist. For that reason the proper placing of the bur-

den of proof on the issue of sanity will determine this cause.

The plaintiff insists that the burden was upon the defendant to prove that the insured was sane and points to Andrus v. Business Men's Acc. Ass'n, supra, as authority for her position[1]. If the quoted language of the Andrus case be construed as holding that the burden of proof shifts to the defendant to disprove insanity, or inversely stated, if it be construed to require defendant to prove the converse of the facts upon which plaintiff relies for recovery, then it is not in harmony in that respect with the later opinion of the Missouri Supreme Court en banc in the Griffith case, supra, and must be treated as overruled to that extent. The Andrus case may be harmonized to some extent by assuming that when the opinion states that, "The burden was on the defendant to prove that the death under such circumstances was intentional, and not accidental", it was really meant that when it was shown that death occurred from other than natural causes, in the absence of evidence on the question of whether the cause was suicide or accidental, the usual doctrine that proof which is consistent with either of two theories will support neither[2] will not be applied on demurrer but that the well known fact that human beings possess an instinct for self-preservation will be cast in the balance[3] with the result that the defendant will be required to go forward with its proof as to whether death was accidental or suicidal. Construed in that manner the burden referred to is the burden of evidence or obligation to go forward with the evidence as those terms are distinguished from "burden of proof", and is entirely consistent with the rule announced by the later decisions of the Missouri Courts.

But when the Andrus opinion takes the next step and states: "that is, the burden would be upon the defendant, in a case of suicide, to prove that the insured was sane, and committed the act which took his life with the intention of committing suicide", it goes beyond the authority of the Brunswick case upon which it is based and casts upon the defendant the burden of going forward with the proof on the question of *sanity,* as well as on the question of accident or design. In the Brunswick case there was no issue of sanity involved and the sole question was whether poison was taken accidentally, or by design or intention. Research fails to disclose any subsequent direct reference by the Missouri Courts to this latter expression found in the Andrus opinion. But that it is in direct conflict with the oft-repeated rule that there is a presumption of sanity is obvious. There can be no consistency between the statement that a *legal* presumption against suicide requires a defendant to go forward with proof that death was the result of a sane intent, and at the same time to say that the legal presumption of sanity entitles the defendant to rest on its oars until the plaintiff goes forward with evidence of insanity.

In effect the opinion in the Andrus case reflects this same contradiction. For after the opinion holds that the burden is upon the defendant to establish sanity, the Court approves an instruction offered by defendant but refused by the trial court which said: " 'The court instructs the jury that, if you believe from the evidence that Vincent R. Andrus committed suicide, then his death was not accidental, *unless you further believe from the evidence that, at the time he drank carbolic acid, he was so insane as to be unconscious of the physical nature and consequences of his act.' "* (Italics are supplied.)

The italicized words operate to place the burden upon the party asserting insanity to prove that fact. If the approved instruction had read: "unless you further believe from the evidence that, at the time he drank carbolic acid, he was so *sane* as to be *conscious",* etc., the instruction would have required an affirmative finding of sanity. As it was offered and approved it required an affirmative finding of insanity. Its approval in that form is indicative of an unexpressed conclusion of the author that in the final submission of the cause the *burden of proof* was upon plaintiff to show insanity.

---

1 "The burden was on the defendant to prove that the death under such circumstances was intentional, and not accidental; that is, the burden would be upon the defendant, in a case of suicide, to prove that the insured was sane, and committed the act which took his life with the intention of committing suicide." Andrus v. Business Men's Ass'n, supra, 223 S.W. loc. cit. 74.

2 New York Life Ins. Co. v. King, 8 Cir., 93 F.2d 347, loc. cit. 353.

3 Reynolds v. Maryland Casualty Co., 274 Mo. 83, 201 S.W. 1128.

If the opinion in the Andrus case be construed as placing the *burden of proof* upon defendant thereby giving the legal presumption against suicide the effect of evidence, the effect of the opinion would be to set up a rule of law in Missouri which would operate as a denial of due process in violation of that clause of the Fourteenth Amendment as construed by both the Supreme Court of the United States and the Supreme Court of Missouri. Oxford v. St. Louis-San Francisco R. Co., 331 Mo. 53, 52 S.W.2d 983; McGlothin v. Thompson, Mo.Sup., 148 S.W.2d 558, loc. cit. 564; Western & Atlantic R. Co. v. Henderson, 279 U.S. 639, 49 S.Ct. 445, 73 L.Ed. 884, and cases there cited.

The presumption of sanity is well established in Missouri. Scales v. National Life & Accident Ins. Co., Mo. Sup., 212 S.W. 8; Fendler v. Roy, 331 Mo. 1083, 58 S.W.2d 459; Reliance Life Ins. Co. v. Burgess, 8 Cir., 112 F.2d 234, loc. cit. 239, and in the Federal Courts, New York Life Ins. Co. v. King, supra. That it is a presumption of law as distinguished from presumptions of fact, Finks v. Viking Refrigerators, Mo.App., 147 S.W.2d 124, and hence will not be considered as evidence, militates in plaintiff's favor in this instance. Whether the presumption of sanity casts upon plaintiff the burden of going forward with the evidence on the question of sanity after it is definitely shown that death was self-inflicted need not be determined. It is decisive of this case that the burden of proof was not upon defendant to establish sanity; that plaintiff relies upon insanity to support her assertion that death was accidental; that the *burden of proof* rests with her to prove by the greater weight of the evidence this essential fact necessary to a recovery by her; that this burden never shifts; that although the legal presumption against suicide casts upon the party relying upon suicide the obligation to go forward with the evidence on the question of whether death was accidental or suicidal, the presumption against suicide does not place upon the party relying upon suicide as a defense the additional *burden of proof* of proving sanity as a necessary incident to proof of suicide, but that when the evidence is complete and the legal presumptions on suicide and sanity have gone out of the case, if the trier of the facts, aided by the knowledge which everyone possesses that human beings have an instinct for self-preservation and are usually sane, is unable to say whether death was the result of an insane or an intentional, rational act, the burden of proof has not been sustained and plaintiff may not recover upon the theory that accidental death has been established.