**HAYES v. FIRST NAT. BANK OF FAIRBANKS.**

No. 12771.

United States Court of Appeals
Ninth Circuit.

Oct. 29, 1951.

Rehearing Denied Dec. 5, 1951.

J. L. McCarrey, Jr., Anchorage, Alaska, Warren A. Taylor, Fairbanks, Alaska, for appellant.

Julien A. Hurley, Fairbanks, Alaska, for appellee.

Before DENMAN, Chief Judge, and STEPHENS and ORR, Circuit Judges.

DENMAN, Chief Judge.

Hayes appeals from an order of the District Court for the Territory of Alaska, sit-

ting as the appellate tribunal from the local probate court, holding that a purported will of one Louis D. Colbert, dated October 22, 1946, was not executed by him when he was of the sound and disposing mind required by the Alaska statute. 3 A.C.L.A. § 59–1–2: "Every person of twenty-one years of age and upwards, of sound mind, may by last will devise all his or her property * * *."

On May 27, 1947, in a proceeding in "The Estate of Louis D. Colbert" before an Alaska Commissioner, sitting as a probate court,[1] a will of Colbert dated November 14, 1938, was so admitted and the named executor, the appellee, hereafter called the Bank, was granted letters testamentary. On July 31, 1947, Hayes moved that probate court to revoke the letters testamentary given by it to the Bank, alleging as her interest warranting her right to seek such revocation that she was created executrix under a later will of Colbert dated October 22, 1946.

■ Hayes thus had the burden of proving that the will of October 22, 1946, was executed by Colbert when he had the sound and disposing mind required by the Alaska statute. In this she had the usual burden of proof on the proponent seeking the admission of a will to probate.[2]

In the proceeding before the Commissioner all the thirteen witnesses as to the condition of Colbert's mind on October 22, 1946, were heard viva voce. He dismissed Hayes' petition to revoke the letters to the Bank, finding as to the will of October 22nd that "at the time said pretended will offered for probate by Petitioner, Thelma D. Hayes, was signed by the said Louis D. Colbert, Deceased, the said Louis D. Colbert was not of sound and disposing mind and memory and he was unable to comprehend the nature or purpose of the business being transacted or the purpose or consequences of signing said will, and was unable to understand or know what was then being done."

■ Hayes appealed to the Alaska district court from the order of dismissal.[3] The proceeding on appeal to the district court is as in equity. In re Underwood's Estate, 6 Alaska, 673. On the filing of an exception to the Commission's order the evidence before him was transcribed and forwarded to the district court. 3 A.C.L.A. § 64–1–2. The testimony of four other witnesses, heard viva voce, was given to the district court which, upon consideration of all the evidence, affirmed the finding and the order of dismissal.

■ The question before us is whether Hayes has sustained her burden of proof that Colbert on October 22, 1946, had the required sound and disposing mind to execute the will of that date. Hayes started the proceeding with the presumption of Colbert's sanity. That presumption, under the federal practice, disappeared upon the introduction of the substantial evidence of Colbert's incompetency, hereafter discussed. Del Vecchio v. Bowers, 296 U.S. 280, 286, 56 S.Ct. 190, 80 L.Ed. 229; New York Life Ins. Co. v. Gamer, 303 U.S. 161, 170, 171, 58 S.Ct. 500, 82 L.Ed. 726; cf. Calif. Western States Life Ins. Co. v. Vaughn, 9 Cir., 165 F.2d 945, 952.

Since all the testimony on Colbert's competency was viva voce, we are required to disregard the testimony of witnesses supporting his competency, contrary to the finding of the court below, under the following provision of Rule 52 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.: "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." It is apparent that neither the probate court nor the district court believed in the credibility of Hayes' witnesses.

■ As to the remaining testimony, we cannot say that a decision that Hayes has not sustained her burden of proof or that the district court's finding of incompetence is clearly erroneous. The Bank's witnesses, who had seen and conversed with Colbert in a period of from two days to two weeks before October 22, 1946, gave testimony that Colbert thought his bed in the hospital in

---

1. 3 Alaska Compiled Laws Annotated, § 61–1–2.

2. IX Wigmore on Evidence, § 2500.

3. 3 A.C.L.A. § 64–1–1.

Anchorage, Alaska, where he was under treatment, was on a non-existing river and that a boat was sailing into his hospital room and he was going to board it. He said he wanted to put on his shoes and walk to California. His physician testified that Colbert's reasoning was impaired and that he had hallucinations; and his attorney that Colbert was not of sound mind.

The judgment is affirmed.