Tom COUMAS, Appellant,

v.

Herbert BROWNELL, Jr., Attorney General of the United States, Appellee.

No. 14148.

United States Court of Appeals Ninth Circuit.

May 9, 1955.

Andrew J. Eyman, Bernard B. Glickfeld, San Francisco, for appellant.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, for appellee.

Before DENMAN, Chief Judge, ORR, Circuit Judge, and JAMES M. CARTER, District Judge.

DENMAN, Chief Judge.

Coumas appeals from a judgment in a suit to establish that he is a citizen of the United States under Section 903 of the Nationality Act of 1940,[1] deciding that he is not such a citizen, and refusing to enjoin an order of the Commissioner of Immigration that he be deported to Greece.

Coumas contends that since the answer admits that he, then a citizen of Greece, became a naturalized citizen of the United States on February 19, 1914, the burden of proof is on Brownell to establish that he has lost his latter citizenship. It is unnecessary for us to determine the validity of that contention for whether the burden be on Coumas, the plaintiff, to prove his claim or on Brownell to disprove it, the evidence conclusively shows that he is not entitled to a judgment declaring him a citizen of the United States and hence not entitled to have enjoined the order for his deportation.

The district court states its decision that "Plaintiff expatriated himself under the Act of March 2, 1907 (formerly 8 U.S.C. § 17[2]), by taking an oath of allegiance to a foreign state; and by residing in the country of his birth for more than two years and reasserting his Greek nationality."

That Act remained in effect till January 13, 1941, and covered the period from Coumas' arrival in Greece in the summer of 1932. It provided (in former 8 U.S.C. § 17):

A. "That any American citizen shall be deemed to have expatriated himself when * * * he has taken an oath of allegiance to any foreign state" and,

B. "When any naturalized citizen shall have resided for two years in the foreign state from which he came * * * it shall be presumed that he has ceased to be an American citizen, and that place of his general abode shall be deemed his place of residence during said years: * * *."

■■ A. Concerning the taking of an oath of allegiance to Greece, it is stipulated that under the law of that country Coumas was required to take such an oath on his admitted induction into the Greek army in 1932. This raises the presumption that the government of Greece enforced its law in this respect, and required Coumas to take such an oath. United States v. King, 3 How. 773, 44 U.S. 773, 11 L.Ed. 824; Boissonnas v. Acheson, D.C.S.D.N.Y., 101 F.Supp. 138; Cf. Monaco v. Dulles, 2 Cir., 210 F.2d 760. This presumption remains controlling until Coumas goes forward with "substantial evidence" to the contrary. New York Life Ins. Co. v. Gamer, 303 U.S. 161, 170, 58 S.Ct. 500, 82 L.Ed. 726.

Coumas first contends that since expatriation must be caused by his "voluntary" act, Perkins v. Elg, 307 U.S. 325, 334, 59 S.Ct. 884, 83 L.Ed. 1320, his entry into the Greek army was involuntary because he was *inducted* into it. It nowhere appears that he protested his induction, and he voluntarily went to Greece presumably knowing that under the Greek law he, a Greek citizen, might be conscripted into the army. Cf. Dos Reis ex rel. Camara v. Nicolls, 1 Cir., 161 F.2d 860.

Coumas testified that, though inducted into the army, he did not take the oath of allegiance and the question is, is this evidence substantial. It appears that Coumas, having been indicted for murder in the United States, took an assumed name and fled to Greece on a false Albanian passport, thereby committing a second and third felony. Coumas had a dual citizenship, both United States and Greek. Under our treaty with Greece and the Greek laws he was tried in a Greek court and convicted of voluntary

1. Now 8 U.S.C.A. § 1503.

2. Now 8 U.S.C.A. §§ 1481(a), 1482, 1484.

manslaughter. It further appears that the felon repeatedly admitted that to aid him with the immigration authorities he gave the false statement that he had never been out of the United States since he became a citizen. He further testified that he went to Greece because "I was wanted for a crime in the United States and just made a dive for Greece," and then within a few minutes stated in answer to the question whether he left the United States to avoid prosecution, "No not for me. I had no ideas to avoid it."

■ These facts justify the district court in treating appellant's testimony as worthless. Testimony so lacking credibility is not substantial evidence and does not overcome the presumption. Andrew Jergens Co. v. Conner, 6 Cir., 125 F.2d 686, 689; Rosenberg v. Baum, 10 Cir., 153 F.2d 10, 13; Zimmer v. Acheson, 9 Cir., 191 F.2d 209.

■ B. With regard to the presumption of denaturalization after two years residence in Greece, the foreign state from which he came to the United States, the evidence is clear that Coumas not only voluntarily so made Greece his residence but also that he voluntarily chose to remain there for over five years during the continuance of the Act of March 2, 1907.

His flight from the United States to escape prosecution in California brought him into Greece in midsummer 1932, from whence he returned to the United States in August 1947. In 1934 he was arrested and subjected to extradition proceedings in Greece brought by the United States to have him tried for murder under his California indictment. Coumas successfully resisted the extradition, stating he did so "as a Greek citizen entitled by treaty to trial in Greece for the crime committed in the United States." He was tried in October, 1935 and sentenced to four years in prison, succeeded by three years of parole ending on October 10, 1942. Here was clearly a voluntary residence for over five years during the period of the above Act of March 2, 1907, which continued to January 13, 1941. It

is none the less so because for four years his chosen residence was in a Greek rather than an American penitentiary, with the required additional years of residence on parole.

The district court rightly held that Coumas thus had abandoned his United States citizenship.

The judgment is affirmed.