**NORTHWEST ORIENT AIRLINES, Inc., Appellant,**

v.

**Geraldine B. GORTER, as Administratrix of the Estate of John M. Waldrep, Deceased, Appellee.**

No. 15670.

United States Court of Appeals Ninth Circuit.

March 28, 1958.

Rehearing Denied June 11, 1958.

Karr, Tuttle & Campbell, Carl G. Koch, Coleman P. Hall, Seattle, Wash., for appellant.

Williams, Kinnear & Sharp, John W. Riley, Ronald A. Murphy, Seattle, Wash., for appellee.

Before STEPHENS, Chief Judge, and DENMAN and ORR, Circuit Judges.

DENMAN, Circuit Judge.

Appellant Airlines appeals from the judgment of the District Court of the Northern District of Washington in a diversity case holding it liable to Mrs. Gorter, administratrix of the estate of one Waldrep, for damage to Waldrep's minor daughter from the death of her father by drowning caused by Airlines' undisputed negligence, whereby the airship in which Waldrep was a passenger was grounded in the tidal waters of the Pacific off the Dominion of Canada.

Airlines moved to dismiss the complaint on the ground that the place of death determined the liability and that since the death occurred in British Columbia, Canada, the British Columbia law prevailed and the right of action had not survived. Gorter opposed the motion to dismiss on the ground that the controlling law was that of the place of Airlines' negligence prior to the landing in British Columbia and hence the British

Columbia law did not control, but that if the law of the place of death did control, it was not pleaded.

The court denied the motion to dismiss and Airlines then answered admitting that its plane "settled just off the Sandspit, British Columbia, shore January 19, 1952", and alleging by a subsequent amendment to its answer the existence of a British Columbia death statute, which ceased to be applicable after twelve calendar months from the death. During the trial there was conflicting evidence whether the British Columbia death statute covered the area where the plane landed and the death occurred, and the court held that it did not, a holding we affirm.

However, just as the case was submitted and before any entry of judgment, the court stated from the bench that Airlines had not maintained its burden of proof that the tortious death occurred in British Columbia and since no other applicable foreign law was proved it would presume that the law of the place where the injury occurred was the same as the Washington law. Thereupon, *before judgment was entered*, Airlines moved to amend its answer to show that the Dominion of Canada had jurisdiction over the area where the tortious death occurred, and had but a single law, a statute, providing a remedy for wrongful death.[1] This statute is recited in part in Airlines' proposed amended answer and, if it gave a remedy to Gorter for the benefit of the daughter of the tortiously killed father, it prevents recovery because it also had a year's limitation for commencing the action.[2] This evidence would tend to prove that the law of the place where the injury occurred was not the same as Washington law and thus the court could not indulge in the presumption that it was.[3]

The right to amend is in F.R.Civ.Proc. 15(b), 28 U.S.C.A. providing, in pertinent part, that:

"If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so *freely* when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence." [Emphasis supplied.]

Evidence of the law of Canada had been objected to at the hearing as being beyond the scope of the pleadings and no showing was made that the admission of the evidence to sustain the motion for the amended pleading would prejudice Gorter. From what has been stated above Airlines made an excusable error in relying on the British Columbia statute and it subserves the merits of the action to grant its motion. Gorter's objection that she has not the funds to pay for an investigation of the law of the Dominion is no more a ground for refusing the right to amend than if it had been claimed as a ground for dismissing the answer. Hence we conclude the District Court failed to exercise his discretion freely to allow the amended answer and that the motion to amend should have been granted. Cf. Robbins v. Jordan, 86 U.S.App.D.C. 304, 181 F.2d 793, 794 and cases cited.

---

1. Canada Shipping Act of 1934, Chapter 35 of the Statutes of Canada for 1948. An Action for wrongful death must have a statutory basis as it was unknown at common law.

2. Canada Shipping Act of 1934, Section 729.

3. The presumption of identity to Washington law of the law of another country disappears when evidence to the contrary is introduced. Selover v. Aetna Life Insurance Co., 180 Wash. 236, 38 P.2d 1059; McMullen v. Warren Motor Co., 1933, 174 Wash. 454, 25 P.2d 99; Gardner v. Seymour, 27 Wash.2d 802, 180 P. 2d 564. The federal law in the same. New York Life Ins. v. Gamer, 303 U.S. 161, 170, 58 S.Ct. 500, 82 L.Ed. 726.

The judgment is reversed. The case is remanded and the District Court ordered to grant the motion to amend the answer. The court is to consider the issues other than that of the law of British Columbia including those raised by the second and third counts of the complaint upon which we do not pass. If the plaintiff requests it, she shall be given time to seek evidence to refute Airlines' claim as to the law of the Dominion of Canada.