**Carole K. OWENS, Plaintiff,**

v.

**DURHAM LIFE INSURANCE COMPANY and R. Harry Morse, Defendants.**

**Civ. A. No. 8532.**

United States District Court
E. D. South Carolina,
Charleston Division.

April 14, 1965.

Arthur G. Howe and Paul N. Uricchio, Jr., Charleston, S. C., for plaintiff.

A. T. Smythe, Jr., Buist, Buist, Smythe & Smythe, Charleston, S. C., for defendants.

HEMPHILL, Chief Judge.

Action by beneficiary of Durham Life Insurance Company Policy Number 64 54 37 admittedly issued May 1, 1964 on the life of William E. Owens, now deceased, in the face amount of $5,000.00, with plaintiff as named beneficiary. Attached was an endorsement for "Decreasing Term Insurance" in the amount of $9000.00, totalling insurance in effect at $14,000.00. All premiums due under the contract were admittedly paid up to and including July 23, 1964, on which date the insured came to his death.

The facts in this case are substantially undisputed. The testimony shows that on the day of his death, the insured purchased from Gold Mine Loan Office in Charleston a four barrel Italian pistol, as shown by records produced by owner Lee Roy Schraibman. At approximately 7 o'clock in the evening, the deceased called his nephew, Thomas E. Owens, Jr. who lived across the street and who was with his wife at the time. Deceased first asked for Thomas E. Owens, Sr., and, upon finding he was not there, told witness Thomas E. Owens, Jr. that he was going to kill himself and words to the effect that "you can come over later and get my body, I am going to take a trip to hell." Owens said he understood him clearly, could not tell he was drinking from his conversation. He testified he saw the car of deceased coming up the street and the car went into the driveway momentarily and the witness lost sight of it, but the car came back out of the driveway and after the car left, the witness heard two shots, whereupon he called the police, waited until they arrived, and in their presence, thrust his hand through the screen door and un-

latched the screen door from the inside, entered the home and found deceased lying on the kitchen floor with a gunshot wound in his chest with a four-barrel pistol 3 or 4 inches from his left hand. He stated that no one could have left the vehicle and gotten back in it during the time the vehicle was in the deceased's driveway.

Another witness testified no one got out of the car. Other testimony revealed that no one entered or left the premises immediately before or after the two shots were heard. The back door was locked and there was no evidence that any one else was in the premises at the time. There was no evidence of a scuffle.

Previously he had told witness Thomas Owens, Jr. he was going to kill himself.

The deceased's wife testified that he was drunk the day before, that she did not see him on the day of the shooting. In the house were beer cans, empty, partly empty, full and a whiskey bottle almost empty. There was no positive evidence of intoxication, and no witness detected the odor of alcohol on the deceased.

As noted before, deceased was found on the kitchen floor near the door with a gun near his left hand; he was right handed. A bullet hole was found in an adjacent room. The evidence was not positive that stains on the shirt (introduced) were powder burns.

Defendant stressed the evidence of intoxication, proving this habitual on deceased's periodic returns home from his Coast Guard duties.

The policy provided, in part:

"Suicide—If the Insured dies by suicide, while sane or insane, within two years from the Date of Issue of this policy, the liability of the company shall be limited to the amount of the premium paid."

In South Carolina the presumption exists that a human being is not guilty of self destruction, and this is a presumption of law, not one of fact. McMillan v. General American Life Insurance Company, 194 S.C. 146, 9 S.E.2d 562. This case follows the reasoning

in New York Life Insurance Co. v. Gamer, 303 U.S. 161, 58 S.Ct. 500, 82 L. Ed. 726, 114 A.L.R. 1218, 1226. In the A.L.R. comment note we find:

> "The effect of the decision * * is to place this Court in accord with what is now the conventional view, that a presumption is not evidence, and may not be given weight as such, although the jury may, without giving them any artificial weight as a presumption, draw the natural and logical inferences from the facts which are the basis of the presumption."

◼ Plaintiff proved the terms of the policy, coverage, and death sufficiently to make out a *prima facie* case. McMillan v. General American Life Insurance Company, supra. Defendant relies on the suicide clause contained, quoted hereinabove. The burden of proof rests upon the insurer to show, by the preponderance of the evidence, that the insured took his life by his own hand or act or that he violated the terms of the policy by self-destruction. Dill v. Sovereign Camp, W.O.W., 126 S.C. 303, 309, 120 S.E. 61, 37 A.L.R. 167; Sanders v. Commonwealth Life Ins. Co. of Ky., 134 S.C. 435, 132 S.E. 828.

◼ The facts in the instant case are similar to those in Coleman v. Palmetto State Life Ins. Co., 241 S.C. 384, 128 S. E.2d 699. This Court is of the opinion the South Carolina Courts would reach the same results if that were the forum of decision here.

Despite the absence of concrete evidence that the insured was intoxicated, this Court has taken into consideration such evidence as was presented, in the light of the reasoning in Cox v. Independent Life and Accident Insurance Co., 101 Ga.App. 211, 113 S.E.2d 228; Mutual Life Ins. Co. v. Hatten, 17 F.2d 889 (8th Cir. 1927) and Hutto v. Atlantic Life Ins. Co., 58 F.2d 69 (4th Cir. 1932). See also the Annotation in 85 A.L.R.2d 692, particularly §§ 2(b) and 3 therein.

This Court finds that the positive, direct, and almost undisputed evidence can lead to but one reasonable conclusion, that insured's death was caused by suicide. Defendant has sustained its burden of proof.

Plaintiff is entitled to a return of premiums paid, no more, no less.

Judgment for defendant shall be entered by the Clerk, costs to follow the judgment.

And it is so ordered.